**EXHIBIT 3**

C. Darryl Cordero, Bar No. 126689
cdc@paynefears.com
Scott O. Luskin, Bar No. 238082
sol@paynefears.com
PAYNE & FEARS LLP
1100 Glendon Avenue, Suite 1250
Los Angeles, California 90024
Telephone: (310) 689-1750
Facsimile: (310) 689-1755

Attorneys for Plaintiff Craftwood II, Inc.,
dba Bay Hardware, individually and as
representative of all others similarly situated

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| Craftwood II, Inc., *et al.*, <br><br> Plaintiff, <br><br> v. <br><br> Wurth Louis & Company, *et al.*, <br><br> Defendant. | Case No. 8:17-cv-00606 (DOC) (KES) <br><br> Hon. David O. Carter <br><br> **Plaintiff Craftwood II, Inc.'s First Set of Requests for Production of Documents and Electronically Stored Information to Defendant Wurth Louis & Company** <br><br> **[Fed R. Civ. P. 34]** |

Under authority of Federal Rule of Civil Procedure 34, Plaintiff Craftwood II, Inc., demands that on November 2, 2017, commencing at 10:00 A.M., Defendant Wurth Louis & Company produce and permit the inspection and copying of all documents and electronically stored information identified herein, at the law offices of Payne & Fears, LLP, 4 Park Plaza, Suite 1100, Irvine, CA 92614. Such inspection and copying will not permanently alter the items inspected or copied.

## INSTRUCTIONS

A. If any request calls for the production of any privileged or protected document or material and such privilege or protection is asserted, Defendant are to furnish a log that identifies each document or material so withheld together with the following information: (i) the reason for withholding or non-disclosure; (ii) a statement of facts constituting the bases for any claim of privilege, work product or other ground of non-disclosure; (iii) a brief description of the document, including: the date of the document; the name(s) of its author(s) or preparer(s), and an identification by employment and title of each such person; (iv) the names of each person who was sent or has had access to, or custody of the document or any copy thereof, together with an identification by employment and title of each such person; (v) the request(s) to which the document relates; and (vi) in the case of any document relating in any way to an oral communication, identification of such oral communication, including the date, time, place and parties to such communication.

B. If any DOCUMENTS requested in these requests have been lost, destroyed, or overwritten, the DOCUMENTS lost, destroyed or overwritten shall be identified by author, date and subject matter, and Defendant shall provide the following additional information: (i) the request(s) to which the document relates; (ii) the last known location of the document; (iii) the name, address and telephone number of the last known person to have custody, care or control of the document; (iv) the circumstances under which the document was lost, destroyed or overwritten; and (v) the name, address and telephone number of any natural person or

organization known or believed by Defendant to have possession custody or control of the original or any copies of the document.

 C. Each request shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

 D. The plural includes the singular and the singular includes the plural.

 E. All electronically stored information should be produced in its native format.

## DEFINITIONS

The definitions set forth below shall be used for purposes of these requests:

 1. "CRAFTWOOD FAXES" means the DOCUMENTS attached as Exhibits "1" through "10" to the Complaint filed in this action.

 2. "YOU," "YOUR," "DEFENDANT" or "WURTH" refers to Defendant Wurth Louis & Company.

 3. "DOCUMENT" or "DOCUMENTS" are used in its broadest sense and means the original and each copy, if such copy is different in any respect from the original, whether different from the original because of notes made on such copy, electronically stored format or otherwise, of any information fixed in any tangible medium of expression. The term includes, but is not limited to, papers, contracts, agreements, books, journals, ledgers, statements, memoranda, reports, bills, billings, invoices, work sheets, jottings, projections, notes, letters, correspondence, abstracts, advertisements, drawings, audits, charges, balance sheets, income statements, checks, diagrams, certificates, diaries, calendars, logs, drafts, recordings, instructions, lists, minutes of meetings, orders, resolutions, recitals, telegrams, wires, cables, telexes, messages, telephone bills, resumes, summaries, tabulations, tallies, statistical analyses, magnetic and electronic media (tapes, hard disks, floppy disks computer tapes, computer printouts, input/output computer systems, whether optical, visual or magnetic), electronic information, and any other information or formal writings or tangible things on which any handwriting, typing, printing,

photostatic image, magnetic or electronic impulse, or other form of communication is recorded or reproduced, and any and any amendments or supplements to any of the foregoing, no matter by whom prepared.

4. "ESTABLISHED BUSINESS RELATIONSHIP" or "EBR" has the same meaning as used in 47 U.S.C. § 227(a)(2).

5. "FAX BROADCASTER" means Westfax Inc. or any other party who sent or participated in the sending of a JUNK FAX.

6. "JUNK FAX" or "JUNK FAXES" mean any and all DOCUMENTS or materials sent or transmitted via facsimile transmission, from April 4, 2013, through the date You respond to these interrogatories that: (1) are identical or similar to the CRAFTWOOD FAXES; (2) discuss, describe, promote products or services offered by Wurth Louis & Company or under any Wurth Louis & Company brand; (3) discuss, describe, promote any website of Wurth Louis & Company or any Wurth Louis & Company brand; or (4) include any combination of the foregoing.

7. "OPT-OUT NOTICE" means the notice that contains language advising or informing recipients of any ability or opportunity to request not to be sent additional or further faxes or advertisements, as more particularly set forth at 47 U.S.C. § 227(b)(2)(D) and at 47 C.F.R. § 64.1200(a)(4)(iii).

8. "PERSON" or "PERSONS" means and includes a natural person, trust, partnership, joint venture, corporation, any government or governmental body, commission, board or agency, other form of legal entity, or any of the foregoing, but excepting Defendant.

9. "PLAINTIFF" means Craftwood II, Inc.

10. "PRIOR EXPRESS INVITATION OR PERMISSION" or "PEP" has the same meaning as used in 47 U.S.C. § 227(a)(5).

11. "SENDER" or "SENDERS" means any person or entity as defined in 47 C.F.R. § 64.1200(f)(10).

-4-

EXHIBIT 3, Page 31

12. "TCPA" means the Telephone Consumer Protection Act, as amended by the Junk Fax Protection Act, 47 U.S.C. § 227, and any and all regulations or orders promulgated thereunder by the Federal Communications Commission.

**DOCUMENTS TO BE PRODUCED**

**1. Fax Telephone Number Lists**

1.1   All DOCUMENTS that describe, discuss, record or comprise the purchase, rental or other acquisition of telephone numbers to which you sent or attempted to send JUNK FAXES.

1.2   All DOCUMENTS that describe, discuss, record or comprise the list or lists used to send the JUNK FAXES

1.3   All DOCUMENTS that describe, discuss, record, or explain how the lists or lists used to send the JUNK FAXES were created.

1.4   All hard drives, servers or electronic media upon which any list or lists used to send the JUNK FAXES are currently stored.

1.5   All hard drives, servers or electronic media upon which any list or lists used to send the JUNK FAXES were previously stored.

1.6   All DOCUMENTS that describe, discuss, record, or explain how WURTH obtained the fax numbers used to send the JUNK FAXES.

**2. The Junk Faxes**

2.1   All JUNK FAXES.

2.2   All DOCUMENTS that describe, discuss, record or constitute all communications about the sending of advertisements, promotional materials or marketing materials via facsimile transmission, including, but not limited to, the JUNK FAXES.

2.3   Separately for each JUNK FAX, DOCUMENTS sufficient to identify each SENDER of the JUNK FAXES.

2.4   All versions and drafts of any OPT-OUT NOTICE used on JUNK FAXES.

-5-

2.5   All communications about the inclusion or potential inclusion of OPT-OUT NOTICES on JUNK FAXES.

### 3. Fax Broadcasting

3.1   All contracts or agreements with any FAX BROADCASTER that concern, in whole or in part, transmission of JUNK FAXES.

3.2   All communications with a FAX BROADCASTER that discuss, in whole or in part, transmission of JUNK FAXES, the TCPA, or this action.

3.3   All manuals, instructions or directions (including, without limitation, for any software, applications or web interface) used to send JUNK FAXES.

3.4   Separately for each JUNK FAX, all DOCUMENTS, including electronically stored data, that record or memorialize a facsimile transmission.

3.5   Separately for each JUNK FAX, all reports or other DOCUMENTS, including electronically stored data, that discuss the results of the sending or attempted sending of the JUNK FAX.

3.6   All DOCUMENTS that describe, discuss, record or memorialize the number or approximate or estimated number of (a) attempted or intended transmissions of a JUNK FAX, (b) unsuccessful transmissions of a JUNK FAX, or (c) successful transmissions of a JUNK FAX.

3.7   All invoices or billings from a FAX BROADCASTER for sending or attempted sending of a JUNK FAX.

### 4. Complaints/Litigation

4.1   The complete file relating to or pertaining to any lawsuit or administrative proceeding (other than this action) that concerns, in whole or in part, YOUR sending of JUNK FAXES, including, but not limited to, all DOCUMENTS filed in any such lawsuit or administrative proceeding, all discovery and discovery responses and deposition transcripts.

4.2   All DOCUMENTS that describe, discuss or constitute complaints or objections by any PERSON (including any governmental office or agency)

concerning a JUNK FAX or claimed unsolicited facsimile transmissions sent by or on YOUR behalf.

4.3   All DOCUMENTS that describe, discuss or constitute any or all communications regarding complaints or objections from any PERSON (including any governmental office or agency) concerning a JUNK FAX or claimed unsolicited facsimile transmissions sent by or on YOUR behalf.

**5.   Documents Regarding the TCPA**

5.1   All DOCUMENTS that discuss the TCPA or laws against unsolicited facsimile advertising that were created or received by YOU.

5.2   All DOCUMENTS that describe, discuss or constitute all communications about the TCPA sent or received by YOU.

5.3   All DOCUMENTS that describe, discuss or constitute all communications concerning prohibitions against unsolicited faxing sent or received by YOU.

**6.   Communications Regarding This Lawsuit**

6.1   All DOCUMENTS that describe, discuss or constitute all communications concerning the this action with any insurer, indemnitor or other party that may be liable to satisfy all or part of a potential judgment in this action or to indemnify or reimburse for payments made to satisfy the judgment.

6.2   All DOCUMENTS that describe, discuss or constitute all communications concerning this action with any third party, including, but not limited to, putative class members.

6.3   All written statements, recorded statements, declarations, or affidavits of or by any PERSON concerning the issues, claims or defenses of this action and drafts thereof.

6.4   All DOCUMENTS that describe, discuss or constitute all communications about any written statements, recorded statements, declarations, or affidavits of or by any PERSON concerning the issues, claims or defenses of this

lawsuit.

**7.   Prior Express Invitation or Permission**

7.1   All DOCUMENTS that describe, discuss, or constitute obtaining PRIOR EXPRESS INVITATION OR PERMISSION from any PERSON (including PLAINTIFF) to whom the JUNK FAXES were sent or attempted to be sent.

7.2   All DOCUMENTS that refer to, record or constitute all communications by which PRIOR EXPRESS INVITATION OR PERMISSION was given by any PERSON (including PLAINTIFF) to whom the JUNK FAXES were sent or attempted to be sent.

7.3   All DOCUMENTS that comprise any and all communications regarding or pertaining to the use of any PRIOR EXPRESS INVITATION OR PERMISSION as a basis for sending, or attempting to send, the JUNK FAXES.

**8.   Established Business Relationship**

8.1   All DOCUMENTS that describe, record or constitute the creation, formation or commencement of any ESTABLISHED BUSINESS RELATIONSHIP between YOU and any PERSON (including PLAINTIFF) to whom the JUNK FAXES were sent or attempted to be sent.

8.2   All DOCUMENTS that comprise any and all communications regarding or pertaining to the use of an ESTABLISHED BUSINESS RELATIONSHIP as a basis for sending, or attempting to send, the JUNK FAXES.

**9.   Plaintiff**

9.1   All DOCUMENTS that discuss or record communications between YOU and PLAINTIFF.

9.2   All records of purchases made by PLAINTIFF.

**10.   Documents re: Interrogatory and RFA Responses**

10.1   All DOCUMENTS referenced in YOUR responses to the First Set of Interrogatories propounded to YOU.

10.2   All DOCUMENTS used or referenced in YOUR response to First Set

-8-

1 of Requests for Admission propounded to YOU.

3 DATED: September 28, 2017          PAYNE & FEARS LLP

By: _____/s/ Scott O. Luskin_____
            SCOTT O. LUSKIN

Attorneys for Craftwood II, Inc.,
individually and as representative of all
others similarly situated

4841-7430-1775.1

PAYNE & FEARS LLP
ATTORNEYS AT LAW
1100 GLENDON AVENUE, SUITE 1250
LOS ANGELES, CALIFORNIA 90024
(310) 689-1750

-9-

EXHIBIT 3, Page 36

# PROOF OF SERVICE

**Craftwood II v Wurth Louis & Company**
United States District Court, Central District of California, Southern Division
8:17-cv-00606 (DOC) (KES)

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Orange, State of California. My business address is 4 Park Plaza, Suite 1100, Irvine, CA 92614.

On September 28, 2017, I served true copies of the following document(s) described as **Plaintiff Craftwood II, Inc.'s First Set of Requests for Production of Documents and Electronically Stored Information to Defendant Wurth Louis & Company** on the interested parties in this action as follows:

| | |
|---|---|
| Livia M. Kiser<br>lkiser@sidley.com<br>Courtney A. Hoffmann<br>choffmann@sidley.com<br>Raechel Bimmerle<br>rbimmerle@sidley.com<br>Tom Kayes<br>tkayes@sidley.com<br>SIDLEY AUSTIN LLP<br>One South Dearborn<br>Chicago, IL 60603<br>Tel: (312) 853-7000<br>Fax: (312) 853-7036 | Attorneys for Defendant<br>Wurth Louis and Company |
| Michael L. Mallow<br>mmallow@sidley.com<br>SIDLEY AUSTIN LLP<br>555 West Fifth Street, Suite 4000<br>Los Angeles, California 90013<br>Tel.: (213) 896-6666<br>Fax: (213) 896-6600 | Attorneys for Defendant<br>Wurth Louis and Company |

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Payne & Fears LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 28, 2017, at Irvine, California.

*/s/ Janet Jackson*
Janet Jackson