**EXHIBIT 4**

1   Livia M. Kiser
    lkiser@sidley.com
2   Tom Kayes
    tkayes@sidley.com
3   SIDLEY AUSTIN LLP
    One South Dearborn
4   Chicago, IL 60603
    Tel: (312) 853-7000
5   Fax: (312) 853-7036

6   Michael L. Mallow
    mmallow@sidley.com
7   SIDLEY AUSTIN LLP
    555 West Fifth Street, Suite 4000
8   Los Angeles, California 90013
    Tel: (213) 896-6666
9   Fax: (213) 896-6600

10  Attorneys for Defendant/Counter-Plaintiff
    WURTH LOUIS AND COMPANY

11

## IN THE UNITED STATES DISTRICT COURT
12
## CENTRAL DISTRICT OF CALIFORNIA
13
## SOUTHERN DIVISION

| | |
|---|---|
| 14  CRAFTWOOD II, INC., | No. 8:17-cv-00606 (DOC) (KES) |
| 15         Plaintiff, | |
| 16 | **Wurth Louis and Company's** |
| 17      v. | **Responses to Plaintiff Craftwood** |
| | **II, Inc.'s First Set of** |
| 18  WURTH LOUIS AND COMPANY, | **Interrogatories** |
| 19  et al. | |
| 20         Defendant. | |
| 21  WURTH LOUIS AND COMPANY, | |
| 22  et al., | |
| 23         Counter-Plaintiff, | |
| 24      v. | |
| 25  CRAFTWOOD II, INC. | |
| 26 | |
| 27         Counter-Defendant | |
| 28 | |

## RESPONSES TO FIRST SET OF INTERROGATORIES

**Interrogatory No. 1:**

Identify (by name, last known home and business address and telephone number, job title and by whom employed at the time) each PERSON who was involved in, participated in, or had any role in any decision or approval of any decision to create or proceed with advertising or promotional campaigns involving a JUNK FAX.

**Response to Interrogatory No. 1:**

Objections Based on Rule 33(a)(1). Wurth cannot answer this interrogatory because Bay Hardware has served more than the 25 interrogatories permitted under Rule 33(a)(1) of the Federal Rules of Civil Procedure. Bay Hardware is only permitted to serve on Wurth "25 written interrogatories, including all discrete interrogatories." *Id.* A subpart counts as a separate interrogatory, no matter how numbered, if it is not "logically or factually subsumed within and necessarily related to the primary question." *Oceanovac, Inc. v. Dole Food Co., Inc.*, 2016 WL 7155783, at *1 (C.D. Cal. Mar. 16, 2016). Under this standard, this interrogatory counts as 2 interrogatories because it covers 2 discrete topics that are not necessarily related: the "creation" of campaigns and "proceeding" with them.

Further, because Bay Hardware has served in excess of 25 interrogatories, Wurth may not pick and choose which to answer and must refrain from answering any. To preserve an objection based on the 25 interrogatory limit, the responding party must refrain from selectively answering some or all of the served interrogatories. *E.g.*, *Lewis v. Donley*, 2009 WL 2176123, at *3 (D. Alaska July 22, 2009) ("A party who selectively responds to some interrogatories may be found to have waived its objection to the number of interrogatories."); *Nix v. Holbrook*, 2015 WL 733778, at *4 (D.S.C. Feb. 20, 2015); *Allahverdi v. Regents of Univ. of New Mexico*, 228 F.R.D. 696, 698 (D.N.M. 2005) ("When a party believes that another party has asked too many interrogatories, the party to which the discovery has be

- 2 -

EXHIBIT 4, Page 39

propounded should object to all interrogatories or file a motion for protective order. The responding party should not answer some interrogatories and object to the ones to which it does not want to respond. By answering some and not answering others, the Defendants waived this objection."); Wright & Miller, *Fed. Pract. & Proc.* § 2168.1 (3d ed.) ("It has been held that, if a party believes that the numerical limitation has been exceeded, it waives the objection if it selectively answers some of the interrogatories and objects on this ground to the rest. This seems a sensible rule, for otherwise the responding party could 'pick and choose' the questions it wanted to answer."). Based on this objection, Wurth cannot answer this interrogatory.

      <u>Objections Based on Bay Hardware's Definition of Junk Fax</u>. This interrogatory is vague, ambiguous and overbroad because of Bay Hardware's definition of "junk fax." First, the definition of junk fax is vague because it seeks documents "similar to the Craftwood Faxes," without identifying the respect(s) in which the requested documents should be similar. Second, the definition is vague and ambiguous in seeking information from "any Wurth Louis [and] Company brand" because there is no other "Wurth Louis [and] Company brand" besides the named defendant. Finally, the definition is overbroad in that it seeks documents that "discuss" or "describe" "products or services" "offered by Wurth." This aspect of the definition makes it overbroad because it would include faxes, such as invoices, orders, customer questions, Wurth's questions to suppliers, advertising by suppliers to Wurth, etc.—none of which are relevant to the subject matter of this lawsuit. Fourth, the term is overbroad in that seeks information and documents related to promotional faxes other than those sent to Bay Hardware. These faxes are not relevant to Bay Hardware's individual or class claims.

      Further the term "junk fax" is unnecessarily pejorative and objectionable. Wurth has never sent a "junk" fax. Wurth therefore objects to these interrogatories

or their answers ever being shown to a jury under Rule 403 of the Federal Rules of Evidence because the phrase "junk fax" has no probative value and is highly prejudicial to Wurth.

**Interrogatory No. 2:**

For each JUNK FAX, identify (by name, last known home and business address and telephone number, job title and by whom employed at the time) each PERSON who was involved in, participated in, or had any role in any decision or approval of any decision, to proceed with its transmission.

**Response to Interrogatory No. 2:**

Objections Based on Rule 33(a)(1). Wurth cannot answer this interrogatory because Bay Hardware has served more than the 25 interrogatories permitted under Rule 33(a)(1) of the Federal Rules of Civil Procedure. Bay Hardware is only permitted to serve on Wurth "25 written interrogatories, including all discrete interrogatories." *Id.*

Further, because Bay Hardware has served in excess of 25 interrogatories, Wurth may not pick and choose which to answer and must refrain from answering any. To preserve an objection based on the 25 interrogatory limit, the responding party must refrain from selectively answering some or all of the served interrogatories. *E.g.*, *Lewis v. Donley*, 2009 WL 2176123, at *3 (D. Alaska July 22, 2009) ("A party who selectively responds to some interrogatories may be found to have waived its objection to the number of interrogatories."); *Nix v. Holbrook*, 2015 WL 733778, at *4 (D.S.C. Feb. 20, 2015); *Allahverdi v. Regents of Univ. of New Mexico*, 228 F.R.D. 696, 698 (D.N.M. 2005) ("When a party believes that another party has asked too many interrogatories, the party to which the discovery has be propounded should object to all interrogatories or file a motion for protective order. The responding party should not answer some interrogatories and object to the ones to which it does not want to respond. By answering some and not answering others,

the Defendants waived this objection."); Wright & Miller, *Fed. Pract. & Proc.* §
2168.1 (3d ed.) ("It has been held that, if a party believes that the numerical
limitation has been exceeded, it waives the objection if it selectively answers some
of the interrogatories and objects on this ground to the rest. This seems a sensible
rule, for otherwise the responding party could 'pick and choose' the questions it
wanted to answer."). Based on this objection, Wurth cannot answer this
interrogatory.

    <u>Objections Based on Bay Hardware's Definition of Junk Fax</u>. This
interrogatory is vague, ambiguous and overbroad because of Bay Hardware's
definition of "junk fax." First, the definition of junk fax is vague because it seeks
documents "similar to the Craftwood Faxes," without identifying the respect(s) in
which the requested documents should be similar. Second, the definition is vague
and ambiguous in seeking information from "any Wurth Louis [and] Company
brand" because there is no other "Wurth Louis [and] Company brand" besides the
named defendant. Finally, the definition is overbroad in that it seeks documents that
"discuss" or "describe" "products or services" "offered by Wurth." This aspect of
the definition makes it overbroad because it would include faxes, such as invoices,
orders, customer questions, Wurth's questions to suppliers, advertising by suppliers
to Wurth, etc.—none of which are relevant to the subject matter of this lawsuit.
Fourth, the term is overbroad in that seeks information and documents related to
promotional faxes other than those sent to Bay Hardware. These faxes are not
relevant to Bay Hardware's individual or class claims.

    Further the term "junk fax" is unnecessarily pejorative and objectionable.
Wurth has never sent a "junk" fax. Wurth therefore objects to these interrogatories
or their answers ever being shown to a jury under Rule 403 of the Federal Rules of
Evidence because the phrase "junk fax" has no probative value and is highly
prejudicial to Wurth.

**Interrogatory No. 3:**

For each JUNK FAX, explain each step in the process of the sending of the JUNK FAX, including the composition or creation of the content, format, lay-out, artwork, opt-out notice, and header information of the JUNK FAX, the selection of the LIST to be used to send the JUNK FAX, and the transmission of the JUNK FAX.

**Response to Interrogatory No. 3:**

Objections Based on Rule 33(a)(1). Wurth cannot answer this interrogatory because Bay Hardware has served more than the 25 interrogatories permitted under Rule 33(a)(1) of the Federal Rules of Civil Procedure. Bay Hardware is only permitted to serve on Wurth "25 written interrogatories, including all discrete interrogatories." *Id.* A subpart counts as a separate interrogatory, no matter how numbered, if it is not "logically or factually subsumed within and necessarily related to the primary question." *Oceanovac, Inc. v. Dole Food Co., Inc.*, 2016 WL 7155783, at *1 (C.D. Cal. Mar. 16, 2016). Under this standard, this interrogatory counts as 30 interrogatories because it covers 30 discrete topics that are not necessarily related. The definition of "junk fax" is overbroad unless properly limited to faxes sent to Bay Hardware, of which there are 10 attached to the complaint. For each of those 10 distinct faxes, some sent years apart, this interrogatory asks 3 distinct questions—one about its content, one about the selection of recipients, and one about how the fax was sent.

Further, because Bay Hardware has served in excess of 25 interrogatories, Wurth may not pick and choose which to answer and must refrain from answering any. To preserve an objection based on the 25 interrogatory limit, the responding party must refrain from selectively answering some or all of the served interrogatories. *E.g.*, *Lewis v. Donley*, 2009 WL 2176123, at *3 (D. Alaska July 22, 2009) ("A party who selectively responds to some interrogatories may be found to have waived its objection to the number of interrogatories."); *Nix v. Holbrook*, 2015

WURTH'S RESPONSES TO CRAFTWOOD'S FIRST SET OF INTERROGATORIES

WL 733778, at *4 (D.S.C. Feb. 20, 2015); *Allahverdi v. Regents of Univ. of New Mexico*, 228 F.R.D. 696, 698 (D.N.M. 2005) ("When a party believes that another party has asked too many interrogatories, the party to which the discovery has be propounded should object to all interrogatories or file a motion for protective order. The responding party should not answer some interrogatories and object to the ones to which it does not want to respond. By answering some and not answering others, the Defendants waived this objection."); Wright & Miller, *Fed. Pract. & Proc.* § 2168.1 (3d ed.) ("It has been held that, if a party believes that the numerical limitation has been exceeded, it waives the objection if it selectively answers some of the interrogatories and objects on this ground to the rest. This seems a sensible rule, for otherwise the responding party could 'pick and choose' the questions it wanted to answer."). Based on this objection, Wurth cannot answer this interrogatory.

Objections Based on Bay Hardware's Definition of Junk Fax. This interrogatory is vague, ambiguous and overbroad because of Bay Hardware's definition of "junk fax." First, the definition of junk fax is vague because it seeks documents "similar to the Craftwood Faxes," without identifying the respect(s) in which the requested documents should be similar. Second, the definition is vague and ambiguous in seeking information from "any Wurth Louis [and] Company brand" because there is no other "Wurth Louis [and] Company brand" besides the named defendant. Finally, the definition is overbroad in that it seeks documents that "discuss" or "describe" "products or services" "offered by Wurth." This aspect of the definition makes it overbroad because it would include faxes, such as invoices, orders, customer questions, Wurth's questions to suppliers, advertising by suppliers to Wurth, etc.—none of which are relevant to the subject matter of this lawsuit. Fourth, the term is overbroad in that seeks information and documents related to promotional faxes other than those sent to Bay Hardware. These faxes are not

- 7 -

relevant to Bay Hardware's individual or class claims.

Further the term "junk fax" is unnecessarily pejorative and objectionable. Wurth has never sent a "junk" fax. Wurth therefore objects to these interrogatories or their answers ever being shown to a jury under Rule 403 of the Federal Rules of Evidence because the phrase "junk fax" has no probative value and is highly prejudicial to Wurth.

**Interrogatory No. 4:**

Separately for each JUNK FAX, identify (by name, last known home and business address and telephone number, job title and by whom employed at the time) each PERSON who participated in or was involved in the creation and sending of the JUNK FAX, and describe the nature of that PERSON'S participation or involvement.

**Response to Interrogatory No. 4:**

Objections Based on Rule 33(a)(1). Wurth cannot answer this interrogatory because Bay Hardware has served more than the 25 interrogatories permitted under Rule 33(a)(1) of the Federal Rules of Civil Procedure. Bay Hardware is only permitted to serve on Wurth "25 written interrogatories, including all discrete interrogatories." *Id.* A subpart counts as a separate interrogatory, no matter how numbered, if it is not "logically or factually subsumed within and necessarily related to the primary question." *Oceanovac, Inc. v. Dole Food Co., Inc.*, 2016 WL 7155783, at *1 (C.D. Cal. Mar. 16, 2016). Under this standard, this interrogatory counts as 20 interrogatories because it covers 20 discrete topics that are not necessarily related. The definition of "junk fax" is overbroad unless properly limited to faxes sent to Bay Hardware, of which there are 10 attached to the complaint. For each of those 10 distinct faxes, some sent years apart, this interrogatory asks 2 distinct questions—one about who created the fax and one about who sent it.

Further, because Bay Hardware has served in excess of 25 interrogatories,

Wurth may not pick and choose which to answer and must refrain from answering any. To preserve an objection based on the 25 interrogatory limit, the responding party must refrain from selectively answering some or all of the served interrogatories. *E.g.*, *Lewis v. Donley*, 2009 WL 2176123, at *3 (D. Alaska July 22, 2009) ("A party who selectively responds to some interrogatories may be found to have waived its objection to the number of interrogatories."); *Nix v. Holbrook*, 2015 WL 733778, at *4 (D.S.C. Feb. 20, 2015); *Allahverdi v. Regents of Univ. of New Mexico*, 228 F.R.D. 696, 698 (D.N.M. 2005) ("When a party believes that another party has asked too many interrogatories, the party to which the discovery has be propounded should object to all interrogatories or file a motion for protective order. The responding party should not answer some interrogatories and object to the ones to which it does not want to respond. By answering some and not answering others, the Defendants waived this objection."); Wright & Miller, *Fed. Pract. & Proc.* § 2168.1 (3d ed.) ("It has been held that, if a party believes that the numerical limitation has been exceeded, it waives the objection if it selectively answers some of the interrogatories and objects on this ground to the rest. This seems a sensible rule, for otherwise the responding party could 'pick and choose' the questions it wanted to answer."). Based on this objection, Wurth cannot answer this interrogatory.

Objections Based on Bay Hardware's Definition of Junk Fax. This interrogatory is vague, ambiguous and overbroad because of Bay Hardware's definition of "junk fax." First, the definition of junk fax is vague because it seeks documents "similar to the Craftwood Faxes," without identifying the respect(s) in which the requested documents should be similar. Second, the definition is vague and ambiguous in seeking information from "any Wurth Louis [and] Company brand" because there is no other "Wurth Louis [and] Company brand" besides the named defendant. Finally, the definition is overbroad in that it seeks documents that

WURTH'S RESPONSES TO CRAFTWOOD'S FIRST SET OF INTERROGATORIES

EXHIBIT 4, Page 46

"discuss" or "describe" "products or services" "offered by Wurth." This aspect of the definition makes it overbroad because it would include faxes, such as invoices, orders, customer questions, Wurth's questions to suppliers, advertising by suppliers to Wurth, etc.—none of which are relevant to the subject matter of this lawsuit. Fourth, the term is overbroad in that seeks information and documents related to promotional faxes other than those sent to Bay Hardware. These faxes are not relevant to Bay Hardware's individual or class claims.

Further the term "junk fax" is unnecessarily pejorative and objectionable. Wurth has never sent a "junk fax." Wurth therefore objects to these interrogatories or their answers ever being shown to a jury under Rule 403 of the Federal Rules of Evidence because the phrase "junk fax" has no probative value and is highly prejudicial to Wurth.

**Interrogatory No. 5:**

Separately for each JUNK FAX, describe how and when the LISTS used to send the JUNK FAX were compiled.

**Response to Interrogatory No. 5:**

Objections Based on Rule 33(a)(1). Wurth cannot answer this interrogatory because Bay Hardware has served more than the 25 interrogatories permitted under Rule 33(a)(1) of the Federal Rules of Civil Procedure. Bay Hardware is only permitted to serve on Wurth "25 written interrogatories, including all discrete interrogatories." *Id.* A subpart counts as a separate interrogatory, no matter how numbered, if it is not "logically or factually subsumed within and necessarily related to the primary question." *Oceanovac, Inc. v. Dole Food Co., Inc.*, 2016 WL 7155783, at *1 (C.D. Cal. Mar. 16, 2016). Under this standard, this interrogatory counts as 10 interrogatories because it covers 10 discrete topics that are not necessarily related. The definition of "junk fax" is overbroad unless properly limited to faxes sent to Bay Hardware, of which there are 10 attached to the complaint. The

interrogatory asks a distinct question for each of those 10 distinct faxes.

Further, because Bay Hardware has served in excess of 25 interrogatories, Wurth may not pick and choose which to answer and must refrain from answering any. To preserve an objection based on the 25 interrogatory limit, the responding party must refrain from selectively answering some or all of the served interrogatories. *E.g.*, *Lewis v. Donley*, 2009 WL 2176123, at *3 (D. Alaska July 22, 2009) ("A party who selectively responds to some interrogatories may be found to have waived its objection to the number of interrogatories."); *Nix v. Holbrook*, 2015 WL 733778, at *4 (D.S.C. Feb. 20, 2015); *Allahverdi v. Regents of Univ. of New Mexico*, 228 F.R.D. 696, 698 (D.N.M. 2005) ("When a party believes that another party has asked too many interrogatories, the party to which the discovery has be propounded should object to all interrogatories or file a motion for protective order. The responding party should not answer some interrogatories and object to the ones to which it does not want to respond. By answering some and not answering others, the Defendants waived this objection."); Wright & Miller, *Fed. Pract. & Proc.* § 2168.1 (3d ed.) ("It has been held that, if a party believes that the numerical limitation has been exceeded, it waives the objection if it selectively answers some of the interrogatories and objects on this ground to the rest. This seems a sensible rule, for otherwise the responding party could 'pick and choose' the questions it wanted to answer."). Based on this objection, Wurth cannot answer this interrogatory.

<u>Objections Based on Bay Hardware's Definition of Junk Fax.</u> This interrogatory is vague, ambiguous and overbroad because of Bay Hardware's definition of "junk fax." First, the definition of junk fax is vague because it seeks documents "similar to the Craftwood Faxes," without identifying the respect(s) in which the requested documents should be similar. Second, the definition is vague and ambiguous in seeking information from "any Wurth Louis [and] Company

- 11 -

brand" because there is no other "Wurth Louis [and] Company brand" besides the named defendant. Finally, the definition is overbroad in that it seeks documents that "discuss" or "describe" "products or services" "offered by Wurth." This aspect of the definition makes it overbroad because it would include faxes, such as invoices, orders, customer questions, Wurth's questions to suppliers, advertising by suppliers to Wurth, etc.—none of which are relevant to the subject matter of this lawsuit. Fourth, the term is overbroad in that seeks information and documents related to promotional faxes other than those sent to Bay Hardware. These faxes are not relevant to Bay Hardware's individual or class claims.

Further the term "junk fax" is unnecessarily pejorative and objectionable. Wurth has never sent a "junk" fax. Wurth therefore objects to these interrogatories or their answers ever being shown to a jury under Rule 403 of the Federal Rules of Evidence because the phrase "junk fax" has no probative value and is highly prejudicial to Wurth.

Other Objections. As phrased (i.e., if not limited to the ten faxes attached to the complaint) this interrogatory is unduly burdensome because it seeks a lengthy narrative for every single fax Wurth has sent about its products and services.

**Interrogatory No. 6:**

Separately for each JUNK FAX, state how YOU obtained the facsimile telephone numbers to which the JUNK FAX was sent or attempted to be sent.

**Response to Interrogatory No. 6:**

Objections Based on Rule 33(a)(1). Wurth cannot answer this interrogatory because Bay Hardware has served more than the 25 interrogatories permitted under Rule 33(a)(1) of the Federal Rules of Civil Procedure. Bay Hardware is only permitted to serve on Wurth "25 written interrogatories, including all discrete interrogatories." *Id.* A subpart counts as a separate interrogatory, no matter how numbered, if it is not "logically or factually subsumed within and necessarily related

to the primary question." *Oceanovac, Inc. v. Dole Food Co., Inc.*, 2016 WL 7155783, at *1 (C.D. Cal. Mar. 16, 2016). Under this standard, this interrogatory counts as 10 interrogatories because it covers 10 discrete topics that are not necessarily related. The definition of "junk fax" is overbroad unless properly limited to faxes sent to Bay Hardware, of which there are 10 attached to the complaint. For each of those 10 distinct faxes, some sent years apart, this interrogatory asks a distinct question.

Further, because Bay Hardware has served in excess of 25 interrogatories, Wurth may not pick and choose which to answer and must refrain from answering any. To preserve an objection based on the 25 interrogatory limit, the responding party must refrain from selectively answering some or all of the served interrogatories. *E.g.*, *Lewis v. Donley*, 2009 WL 2176123, at *3 (D. Alaska July 22, 2009) ("A party who selectively responds to some interrogatories may be found to have waived its objection to the number of interrogatories."); *Nix v. Holbrook*, 2015 WL 733778, at *4 (D.S.C. Feb. 20, 2015); *Allahverdi v. Regents of Univ. of New Mexico*, 228 F.R.D. 696, 698 (D.N.M. 2005) ("When a party believes that another party has asked too many interrogatories, the party to which the discovery has be propounded should object to all interrogatories or file a motion for protective order. The responding party should not answer some interrogatories and object to the ones to which it does not want to respond. By answering some and not answering others, the Defendants waived this objection."); Wright & Miller, *Fed. Pract. & Proc.* § 2168.1 (3d ed.) ("It has been held that, if a party believes that the numerical limitation has been exceeded, it waives the objection if it selectively answers some of the interrogatories and objects on this ground to the rest. This seems a sensible rule, for otherwise the responding party could 'pick and choose' the questions it wanted to answer."). Based on this objection, Wurth cannot answer this interrogatory.

Objections Based on Bay Hardware's Definition of Junk Fax. This interrogatory is vague, ambiguous and overbroad because of Bay Hardware's definition of "junk fax." First, the definition of junk fax is vague because it seeks documents "similar to the Craftwood Faxes," without identifying the respect(s) in which the requested documents should be similar. Second, the definition is vague and ambiguous in seeking information from "any Wurth Louis [and] Company brand" because there is no other "Wurth Louis [and] Company brand" besides the named defendant. Finally, the definition is overbroad in that it seeks documents that "discuss" or "describe" "products or services" "offered by Wurth." This aspect of the definition makes it overbroad because it would include faxes, such as invoices, orders, customer questions, Wurth's questions to suppliers, advertising by suppliers to Wurth, etc.—none of which are relevant to the subject matter of this lawsuit. Fourth, the term is overbroad in that seeks information and documents related to promotional faxes other than those sent to Bay Hardware. These faxes are not relevant to Bay Hardware's individual or class claims.

Further the term "junk fax" is unnecessarily pejorative and objectionable. Wurth has never sent a "junk" fax. Wurth therefore objects to these interrogatories or their answers ever being shown to a jury under Rule 403 of the Federal Rules of Evidence because the phrase "junk fax" has no probative value and is highly prejudicial to Wurth.

Other Objection. As phrased, this interrogatory is unduly burdensome because to answer it Wurth would need to separately investigate each fax number.

**Interrogatory No. 7:**

Separately for each JUNK FAX, identify (by name, last known home and business address and telephone number and relationship to YOU) each SENDER.

**Response to Interrogatory No. 7:**

Objections Based on Rule 33(a)(1). Wurth cannot answer this interrogatory

because Bay Hardware has served more than the 25 interrogatories permitted under Rule 33(a)(1) of the Federal Rules of Civil Procedure. Bay Hardware is only permitted to serve on Wurth "25 written interrogatories, including all discrete interrogatories." *Id.* A subpart counts as a separate interrogatory, no matter how numbered, if it is not "logically or factually subsumed within and necessarily related to the primary question." *Oceanovac, Inc. v. Dole Food Co., Inc.*, 2016 WL 7155783, at *1 (C.D. Cal. Mar. 16, 2016). Under this standard, this interrogatory counts as 10 interrogatories because it covers 10 discrete topics that are not necessarily related. The definition of "junk fax" is overbroad unless properly limited to faxes sent to Bay Hardware, of which there are 10 attached to the complaint. For each of those 10 distinct faxes, some sent years apart, this interrogatory asks a distinct question.

Further, because Bay Hardware has served in excess of 25 interrogatories, Wurth may not pick and choose which to answer and must refrain from answering any. To preserve an objection based on the 25 interrogatory limit, the responding party must refrain from selectively answering some or all of the served interrogatories. *E.g.*, *Lewis v. Donley*, 2009 WL 2176123, at *3 (D. Alaska July 22, 2009) ("A party who selectively responds to some interrogatories may be found to have waived its objection to the number of interrogatories."); *Nix v. Holbrook*, 2015 WL 733778, at *4 (D.S.C. Feb. 20, 2015); *Allahverdi v. Regents of Univ. of New Mexico*, 228 F.R.D. 696, 698 (D.N.M. 2005) ("When a party believes that another party has asked too many interrogatories, the party to which the discovery has be propounded should object to all interrogatories or file a motion for protective order. The responding party should not answer some interrogatories and object to the ones to which it does not want to respond. By answering some and not answering others, the Defendants waived this objection."); Wright & Miller, *Fed. Pract. & Proc.* § 2168.1 (3d ed.) ("It has been held that, if a party believes that the numerical

limitation has been exceeded, it waives the objection if it selectively answers some of the interrogatories and objects on this ground to the rest. This seems a sensible rule, for otherwise the responding party could 'pick and choose' the questions it wanted to answer."). Based on this objection, Wurth cannot answer this interrogatory.

Objections Based on Bay Hardware's Definition of Junk Fax. This interrogatory is vague, ambiguous and overbroad because of Bay Hardware's definition of "junk fax." First, the definition of junk fax is vague because it seeks documents "similar to the Craftwood Faxes," without identifying the respect(s) in which the requested documents should be similar. Second, the definition is vague and ambiguous in seeking information from "any Wurth Louis [and] Company brand" because there is no other "Wurth Louis [and] Company brand" besides the named defendant. Finally, the definition is overbroad in that it seeks documents that "discuss" or "describe" "products or services" "offered by Wurth." This aspect of the definition makes it overbroad because it would include faxes, such as invoices, orders, customer questions, Wurth's questions to suppliers, advertising by suppliers to Wurth, etc.—none of which are relevant to the subject matter of this lawsuit. Fourth, the term is overbroad in that seeks information and documents related to promotional faxes other than those sent to Bay Hardware. These faxes are not relevant to Bay Hardware's individual or class claims.

Further the term "junk fax" is unnecessarily pejorative and objectionable. Wurth has never sent a "junk" fax. Wurth therefore objects to these interrogatories or their answers ever being shown to a jury under Rule 403 of the Federal Rules of Evidence because the phrase "junk fax" has no probative value and is highly prejudicial to Wurth.

**Interrogatory No. 8:**

Separately for each JUNK FAX, identify each PERSON whom YOU contend

- 16 -

provided PRIOR EXPRESS INVITATION OR PERMISSION to be sent the JUNK FAX.

**Response to Interrogatory No. 8:**

Objections Based on Rule 33(a)(1). Wurth cannot answer this interrogatory because Bay Hardware has served more than the 25 interrogatories permitted under Rule 33(a)(1) of the Federal Rules of Civil Procedure. Bay Hardware is only permitted to serve on Wurth "25 written interrogatories, including all discrete interrogatories." *Id*. A subpart counts as a separate interrogatory, no matter how numbered, if it is not "logically or factually subsumed within and necessarily related to the primary question." *Oceanovac, Inc. v. Dole Food Co., Inc.*, 2016 WL 7155783, at *1 (C.D. Cal. Mar. 16, 2016). Under this standard, this interrogatory counts as 10 interrogatories because it covers 10 discrete topics that are not necessarily related. The definition of "junk fax" is overbroad unless properly limited to faxes sent to Bay Hardware, of which there are 10 attached to the complaint. For each of those 10 distinct faxes, some sent years apart, this interrogatory asks a distinct question.

Further, because Bay Hardware has served in excess of 25 interrogatories, Wurth may not pick and choose which to answer and must refrain from answering any. To preserve an objection based on the 25 interrogatory limit, the responding party must refrain from selectively answering some or all of the served interrogatories. *E.g.*, *Lewis v. Donley*, 2009 WL 2176123, at *3 (D. Alaska July 22, 2009) ("A party who selectively responds to some interrogatories may be found to have waived its objection to the number of interrogatories."); *Nix v. Holbrook*, 2015 WL 733778, at *4 (D.S.C. Feb. 20, 2015); *Allahverdi v. Regents of Univ. of New Mexico*, 228 F.R.D. 696, 698 (D.N.M. 2005) ("When a party believes that another party has asked too many interrogatories, the party to which the discovery has be propounded should object to all interrogatories or file a motion for protective order.

- 17 -

The responding party should not answer some interrogatories and object to the ones to which it does not want to respond. By answering some and not answering others, the Defendants waived this objection."); Wright & Miller, *Fed. Pract. & Proc.* § 2168.1 (3d ed.) ("It has been held that, if a party believes that the numerical limitation has been exceeded, it waives the objection if it selectively answers some of the interrogatories and objects on this ground to the rest. This seems a sensible rule, for otherwise the responding party could 'pick and choose' the questions it wanted to answer."). Based on this objection, Wurth cannot answer this interrogatory.

<u>Objections Based on Bay Hardware's Definition of Junk Fax</u>. This interrogatory is vague, ambiguous and overbroad because of Bay Hardware's definition of "junk fax." First, the definition of junk fax is vague because it seeks documents "similar to the Craftwood Faxes," without identifying the respect(s) in which the requested documents should be similar. Second, the definition is vague and ambiguous in seeking information from "any Wurth Louis [and] Company brand" because there is no other "Wurth Louis [and] Company brand" besides the named defendant. Finally, the definition is overbroad in that it seeks documents that "discuss" or "describe" "products or services" "offered by Wurth." This aspect of the definition makes it overbroad because it would include faxes, such as invoices, orders, customer questions, Wurth's questions to suppliers, advertising by suppliers to Wurth, etc.—none of which are relevant to the subject matter of this lawsuit. Fourth, the term is overbroad in that seeks information and documents related to promotional faxes other than those sent to Bay Hardware. These faxes are not relevant to Bay Hardware's individual or class claims.

Further the term "junk fax" is unnecessarily pejorative and objectionable. Wurth has never sent a "junk" fax. Wurth therefore objects to these interrogatories or their answers ever being shown to a jury under Rule 403 of the Federal Rules of

- 18 -

Evidence because the phrase "junk fax" has no probative value and is highly prejudicial to Wurth.

Other Objections. This interrogatory is premature. Wurth's investigation into the number and identify of customers who requested fax advertising is ongoing.

**Interrogatory No. 9:**

For each PERSON identified in response to Interrogatory No. 8, describe (including date, nature and content of) the communications by which such PERSON provided PRIOR EXPRESS INVITATION OR PERMISSION.

**Response to Interrogatory No. 9:**

Objections Based on Rule 33(a)(1). Wurth cannot answer this interrogatory because Bay Hardware has served more than the 25 interrogatories permitted under Rule 33(a)(1) of the Federal Rules of Civil Procedure. Bay Hardware is only permitted to serve on Wurth "25 written interrogatories, including all discrete interrogatories." *Id.* A subpart counts as a separate interrogatory, no matter how numbered, if it is not "logically or factually subsumed within and necessarily related to the primary question." *Oceanovac, Inc. v. Dole Food Co., Inc.*, 2016 WL 7155783, at *1 (C.D. Cal. Mar. 16, 2016). Under this standard, this interrogatory counts as 10 interrogatories because it covers 10 discrete topics that are not necessarily related. The definition of "junk fax" is overbroad unless properly limited to faxes sent to Bay Hardware, of which there are 10 attached to the complaint. For each of those 10 distinct faxes, some sent years apart, this interrogatory asks a distinct question.

Further, because Bay Hardware has served in excess of 25 interrogatories, Wurth may not pick and choose which to answer and must refrain from answering any. To preserve an objection based on the 25 interrogatory limit, the responding party must refrain from selectively answering some or all of the served interrogatories. *E.g.*, *Lewis v. Donley*, 2009 WL 2176123, at *3 (D. Alaska July 22,

2009) ("A party who selectively responds to some interrogatories may be found to have waived its objection to the number of interrogatories."); *Nix v. Holbrook*, 2015 WL 733778, at *4 (D.S.C. Feb. 20, 2015); *Allahverdi v. Regents of Univ. of New Mexico*, 228 F.R.D. 696, 698 (D.N.M. 2005) ("When a party believes that another party has asked too many interrogatories, the party to which the discovery has be propounded should object to all interrogatories or file a motion for protective order. The responding party should not answer some interrogatories and object to the ones to which it does not want to respond. By answering some and not answering others, the Defendants waived this objection."); Wright & Miller, *Fed. Pract. & Proc.* § 2168.1 (3d ed.) ("It has been held that, if a party believes that the numerical limitation has been exceeded, it waives the objection if it selectively answers some of the interrogatories and objects on this ground to the rest. This seems a sensible rule, for otherwise the responding party could 'pick and choose' the questions it wanted to answer."). Based on this objection, Wurth cannot answer this interrogatory.

<u>Objections Based on Bay Hardware's Definition of Junk Fax</u>. This interrogatory is vague, ambiguous and overbroad because of Bay Hardware's definition of "junk fax." First, the definition of junk fax is vague because it seeks documents "similar to the Craftwood Faxes," without identifying the respect(s) in which the requested documents should be similar. Second, the definition is vague and ambiguous in seeking information from "any Wurth Louis [and] Company brand" because there is no other "Wurth Louis [and] Company brand" besides the named defendant. Finally, the definition is overbroad in that it seeks documents that "discuss" or "describe" "products or services" "offered by Wurth." This aspect of the definition makes it overbroad because it would include faxes, such as invoices, orders, customer questions, Wurth's questions to suppliers, advertising by suppliers to Wurth, etc.—none of which are relevant to the subject matter of this lawsuit.

- 20 -

Fourth, the term is overbroad in that seeks information and documents related to promotional faxes other than those sent to Bay Hardware. These faxes are not relevant to Bay Hardware's individual or class claims.

Further the term "junk fax" is unnecessarily pejorative and objectionable. Wurth has never sent a "junk" fax. Wurth therefore objects to these interrogatories or their answers ever being shown to a jury under Rule 403 of the Federal Rules of Evidence because the phrase "junk fax" has no probative value and is highly prejudicial to Wurth.

<u>Other Objections</u>. This interrogatory is premature. Wurth's investigation into the number and identify of customers who requested fax advertising is ongoing.

**Interrogatory No. 10:**

Identify (by name, last known home and business address and telephone number, job title and by whom employed at the time) each PERSON with knowledge of any facts stated in response to Interrogatory No. 9.

**Response to Interrogatory No. 10:**

<u>Objections Based on Rule 33(a)(1)</u>. Wurth cannot answer this interrogatory because Bay Hardware has served more than the 25 interrogatories permitted under Rule 33(a)(1) of the Federal Rules of Civil Procedure. Bay Hardware is only permitted to serve on Wurth "25 written interrogatories, including all discrete interrogatories." *Id.*

Further, because Bay Hardware has served in excess of 25 interrogatories, Wurth may not pick and choose which to answer and must refrain from answering any. To preserve an objection based on the 25 interrogatory limit, the responding party must refrain from selectively answering some or all of the served interrogatories. *E.g., Lewis v. Donley*, 2009 WL 2176123, at *3 (D. Alaska July 22, 2009) ("A party who selectively responds to some interrogatories may be found to have waived its objection to the number of interrogatories."); *Nix v. Holbrook*, 2015

WL 733778, at *4 (D.S.C. Feb. 20, 2015); *Allahverdi v. Regents of Univ. of New Mexico*, 228 F.R.D. 696, 698 (D.N.M. 2005) ("When a party believes that another party has asked too many interrogatories, the party to which the discovery has be propounded should object to all interrogatories or file a motion for protective order. The responding party should not answer some interrogatories and object to the ones to which it does not want to respond. By answering some and not answering others, the Defendants waived this objection."); Wright & Miller, *Fed. Pract. & Proc.* § 2168.1 (3d ed.) ("It has been held that, if a party believes that the numerical limitation has been exceeded, it waives the objection if it selectively answers some of the interrogatories and objects on this ground to the rest. This seems a sensible rule, for otherwise the responding party could 'pick and choose' the questions it wanted to answer."). Based on this objection, Wurth cannot answer this interrogatory.

Other Objections. Wurth incorporates its objections to the underlying interrogatory.

**Interrogatory No. 11:**

Separately for each JUNK FAX, identify (by name, facsimile telephone number and last known business address and telephone number) each PERSON with whom YOU contend YOU had an ESTABLISHED BUSINESS RELATIONSHIP at the time the JUNK FAX was sent or attempted to be sent.

**Response to Interrogatory No. 11:**

Objections Based on Rule 33(a)(1). Wurth cannot answer this interrogatory because Bay Hardware has served more than the 25 interrogatories permitted under Rule 33(a)(1) of the Federal Rules of Civil Procedure. Bay Hardware is only permitted to serve on Wurth "25 written interrogatories, including all discrete interrogatories." *Id*. A subpart counts as a separate interrogatory, no matter how numbered, if it is not "logically or factually subsumed within and necessarily related

to the primary question." *Oceanovac, Inc. v. Dole Food Co., Inc.*, 2016 WL
7155783, at *1 (C.D. Cal. Mar. 16, 2016). Under this standard, this interrogatory
counts as 10 interrogatories because it covers 10 discrete topics that are not
necessarily related. The definition of "junk fax" is overbroad unless properly limited
to faxes sent to Bay Hardware, of which there are 10 attached to the complaint. For
each of those 10 distinct faxes, some sent years apart, this interrogatory asks a
distinct question.

Further, because Bay Hardware has served in excess of 25 interrogatories,
Wurth may not pick and choose which to answer and must refrain from answering
any. To preserve an objection based on the 25 interrogatory limit, the responding
party must refrain from selectively answering some or all of the served
interrogatories. *E.g.*, *Lewis v. Donley*, 2009 WL 2176123, at *3 (D. Alaska July 22,
2009) ("A party who selectively responds to some interrogatories may be found to
have waived its objection to the number of interrogatories."); *Nix v. Holbrook*, 2015
WL 733778, at *4 (D.S.C. Feb. 20, 2015); *Allahverdi v. Regents of Univ. of New
Mexico*, 228 F.R.D. 696, 698 (D.N.M. 2005) ("When a party believes that another
party has asked too many interrogatories, the party to which the discovery has be
propounded should object to all interrogatories or file a motion for protective order.
The responding party should not answer some interrogatories and object to the ones
to which it does not want to respond. By answering some and not answering others,
the Defendants waived this objection."); Wright & Miller, *Fed. Pract. & Proc.* §
2168.1 (3d ed.) ("It has been held that, if a party believes that the numerical
limitation has been exceeded, it waives the objection if it selectively answers some
of the interrogatories and objects on this ground to the rest. This seems a sensible
rule, for otherwise the responding party could 'pick and choose' the questions it
wanted to answer."). Based on this objection, Wurth cannot answer this
interrogatory.

_Objections Based on Bay Hardware's Definition of Junk Fax._ This interrogatory is vague, ambiguous and overbroad because of Bay Hardware's definition of "junk fax." First, the definition of junk fax is vague because it seeks documents "similar to the Craftwood Faxes," without identifying the respect(s) in which the requested documents should be similar. Second, the definition is vague and ambiguous in seeking information from "any Wurth Louis [and] Company brand" because there is no other "Wurth Louis [and] Company brand" besides the named defendant. Finally, the definition is overbroad in that it seeks documents that "discuss" or "describe" "products or services" "offered by Wurth." This aspect of the definition makes it overbroad because it would include faxes, such as invoices, orders, customer questions, Wurth's questions to suppliers, advertising by suppliers to Wurth, etc.—none of which are relevant to the subject matter of this lawsuit. Fourth, the term is overbroad in that seeks information and documents related to promotional faxes other than those sent to Bay Hardware. These faxes are not relevant to Bay Hardware's individual or class claims.

Further the term "junk fax" is unnecessarily pejorative and objectionable. Wurth has never sent a "junk" fax. Wurth therefore objects to these interrogatories or their answers ever being shown to a jury under Rule 403 of the Federal Rules of Evidence because the phrase "junk fax" has no probative value and is highly prejudicial to Wurth.

_Other Objections._ This interrogatory is premature. Wurth's investigation into the number and identify of customers who requested fax advertising is ongoing.

This interrogatory is also unduly burdensome in that it asks Wurth to evaluate and report on a significant number of its customer relationships.

**Interrogatory No. 12:**

For each PERSON identified in response to Interrogatory No. 11, state the circumstances of how and when the ESTABLISHED BUSINESS RELATIONSHIP

- 24 -

was commenced.

**Response to Interrogatory No. 12:**

Objections Based on Rule 33(a)(1). Wurth cannot answer this interrogatory because Bay Hardware has served more than the 25 interrogatories permitted under Rule 33(a)(1) of the Federal Rules of Civil Procedure. Bay Hardware is only permitted to serve on Wurth "25 written interrogatories, including all discrete interrogatories." *Id.*

Further, because Bay Hardware has served in excess of 25 interrogatories, Wurth may not pick and choose which to answer and must refrain from answering any. To preserve an objection based on the 25 interrogatory limit, the responding party must refrain from selectively answering some or all of the served interrogatories. *E.g.*, *Lewis v. Donley*, 2009 WL 2176123, at *3 (D. Alaska July 22, 2009) ("A party who selectively responds to some interrogatories may be found to have waived its objection to the number of interrogatories."); *Nix v. Holbrook*, 2015 WL 733778, at *4 (D.S.C. Feb. 20, 2015); *Allahverdi v. Regents of Univ. of New Mexico*, 228 F.R.D. 696, 698 (D.N.M. 2005) ("When a party believes that another party has asked too many interrogatories, the party to which the discovery has be propounded should object to all interrogatories or file a motion for protective order. The responding party should not answer some interrogatories and object to the ones to which it does not want to respond. By answering some and not answering others, the Defendants waived this objection."); Wright & Miller, *Fed. Pract. & Proc.* § 2168.1 (3d ed.) ("It has been held that, if a party believes that the numerical limitation has been exceeded, it waives the objection if it selectively answers some of the interrogatories and objects on this ground to the rest. This seems a sensible rule, for otherwise the responding party could 'pick and choose' the questions it wanted to answer."). Based on this objection, Wurth cannot answer this interrogatory.

Other Objections. Wurth incorporates its objections to the underlying interrogatory.

This interrogatory is premature. Wurth's investigation into the number and identify of customers who requested fax advertising is ongoing.

This interrogatory is also unduly burdensome in that it asks Wurth to evaluate and report on a significant number of its customer relationships.

**Interrogatory No. 13:**

At the time each JUNK FAX was sent, identify (by name, last known home and business address and telephone number, job title and by whom employed) each PERSON who was primarily responsible for YOUR compliance or attempted compliance with the TCPA.

**Response to Interrogatory No. 13:**

Objections Based on Rule 33(a)(1). Wurth cannot answer this interrogatory because Bay Hardware has served more than the 25 interrogatories permitted under Rule 33(a)(1) of the Federal Rules of Civil Procedure. Bay Hardware is only permitted to serve on Wurth "25 written interrogatories, including all discrete interrogatories." *Id*. A subpart counts as a separate interrogatory, no matter how numbered, if it is not "logically or factually subsumed within and necessarily related to the primary question." *Oceanovac, Inc. v. Dole Food Co., Inc*., 2016 WL 7155783, at *1 (C.D. Cal. Mar. 16, 2016). Under this standard, this interrogatory counts as 10 interrogatories because it covers 10 discrete topics that are not necessarily related. The definition of "junk fax" is overbroad unless properly limited to faxes sent to Bay Hardware, of which there are 10 attached to the complaint. For each of those 10 distinct faxes, some sent years apart, this interrogatory asks a distinct question.

Further, because Bay Hardware has served in excess of 25 interrogatories, Wurth may not pick and choose which to answer and must refrain from answering

any. To preserve an objection based on the 25 interrogatory limit, the responding party must refrain from selectively answering some or all of the served interrogatories. *E.g.*, *Lewis v. Donley*, 2009 WL 2176123, at *3 (D. Alaska July 22, 2009) ("A party who selectively responds to some interrogatories may be found to have waived its objection to the number of interrogatories."); *Nix v. Holbrook*, 2015 WL 733778, at *4 (D.S.C. Feb. 20, 2015); *Allahverdi v. Regents of Univ. of New Mexico*, 228 F.R.D. 696, 698 (D.N.M. 2005) ("When a party believes that another party has asked too many interrogatories, the party to which the discovery has be propounded should object to all interrogatories or file a motion for protective order. The responding party should not answer some interrogatories and object to the ones to which it does not want to respond. By answering some and not answering others, the Defendants waived this objection."); Wright & Miller, *Fed. Pract. & Proc.* § 2168.1 (3d ed.) ("It has been held that, if a party believes that the numerical limitation has been exceeded, it waives the objection if it selectively answers some of the interrogatories and objects on this ground to the rest. This seems a sensible rule, for otherwise the responding party could 'pick and choose' the questions it wanted to answer."). Based on this objection, Wurth cannot answer this interrogatory.

Objections Based on Bay Hardware's Definition of Junk Fax. This interrogatory is vague, ambiguous and overbroad because of Bay Hardware's definition of "junk fax." First, the definition of junk fax is vague because it seeks documents "similar to the Craftwood Faxes," without identifying the respect(s) in which the requested documents should be similar. Second, the definition is vague and ambiguous in seeking information from "any Wurth Louis [and] Company brand" because there is no other "Wurth Louis [and] Company brand" besides the named defendant. Finally, the definition is overbroad in that it seeks documents that "discuss" or "describe" "products or services" "offered by Wurth." This aspect of

the definition makes it overbroad because it would include faxes, such as invoices, orders, customer questions, Wurth's questions to suppliers, advertising by suppliers to Wurth, etc.—none of which are relevant to the subject matter of this lawsuit. Fourth, the term is overbroad in that seeks information and documents related to promotional faxes other than those sent to Bay Hardware. These faxes are not relevant to Bay Hardware's individual or class claims.

Further the term "junk fax" is unnecessarily pejorative and objectionable. Wurth has never sent a "junk" fax. Wurth therefore objects to these interrogatories or their answers ever being shown to a jury under Rule 403 of the Federal Rules of Evidence because the phrase "junk fax" has no probative value and is highly prejudicial to Wurth.

Other Objections. This interrogatory is vague as to what "primary" responsibility means.

**Interrogatory No. 14:**

State any and all policy changes, or any remedial, corrective or disciplinary measures taken by YOU or on YOUR behalf regarding the sending of facsimile transmissions after YOU received notice of this lawsuit.

**Response to Interrogatory No. 14:**

Objections Based on Rule 33(a)(1). Wurth cannot answer this interrogatory because Bay Hardware has served more than the 25 interrogatories permitted under Rule 33(a)(1) of the Federal Rules of Civil Procedure. Bay Hardware is only permitted to serve on Wurth "25 written interrogatories, including all discrete interrogatories." *Id*.

Further, because Bay Hardware has served in excess of 25 interrogatories, Wurth may not pick and choose which to answer and must refrain from answering any. To preserve an objection based on the 25 interrogatory limit, the responding party must refrain from selectively answering some or all of the served

- 28 -

EXHIBIT 4, Page 65

interrogatories. *E.g.*, *Lewis v. Donley*, 2009 WL 2176123, at *3 (D. Alaska July 22, 2009) ("A party who selectively responds to some interrogatories may be found to have waived its objection to the number of interrogatories."); *Nix v. Holbrook*, 2015 WL 733778, at *4 (D.S.C. Feb. 20, 2015); *Allahverdi v. Regents of Univ. of New Mexico*, 228 F.R.D. 696, 698 (D.N.M. 2005) ("When a party believes that another party has asked too many interrogatories, the party to which the discovery has be propounded should object to all interrogatories or file a motion for protective order. The responding party should not answer some interrogatories and object to the ones to which it does not want to respond. By answering some and not answering others, the Defendants waived this objection."); Wright & Miller, *Fed. Pract. & Proc.* § 2168.1 (3d ed.) ("It has been held that, if a party believes that the numerical limitation has been exceeded, it waives the objection if it selectively answers some of the interrogatories and objects on this ground to the rest. This seems a sensible rule, for otherwise the responding party could 'pick and choose' the questions it wanted to answer."). Based on this objection, Wurth cannot answer this interrogatory.

Objections Based on Rule 407 of the Federal Rules of Evidence. The information sought by this interrogatory is not relevant or, if relevant at all, not sufficiently relevant for its discovery to be proportional because it seeks information that is inadmissible under Rule 407 of the Federal Rules of Evidence.

**Interrogatory No. 15:**

If YOUR answer to any request for admission served concurrently with these interrogatories is anything other than an unqualified admission, state all facts YOU contend support your answer.

**Response to Interrogatory No. 15:**

Objections Based on Rule 33(a)(1). Wurth cannot answer this interrogatory because Bay Hardware has served more than the 25 interrogatories permitted under

Rule 33(a)(1) of the Federal Rules of Civil Procedure. Bay Hardware is only permitted to serve on Wurth "25 written interrogatories, including all discrete interrogatories." *Id*. A subpart counts as a separate interrogatory, no matter how numbered, if it is not "logically or factually subsumed within and necessarily related to the primary question." *Oceanovac, Inc. v. Dole Food Co., Inc.*, 2016 WL 7155783, at *1 (C.D. Cal. Mar. 16, 2016).

Under this standard, this interrogatory counts as 40 interrogatories because it covers 40 discrete topics, one for each request for admission in Bay Hardware's First Set of Requests for Admission. *See, e.g.*, *Hahn v. Rothman*, 2010 WL 11526734, at *2 (C.D. Cal. June 11, 2010) (finding that interrogatory seeking basis for answers to requests for admission should count against the 25 interrogatory limit as one interrogatory per discrete request for admission); *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 443 (C.D. Cal. 1998) (same).

Further, because Bay Hardware has served in excess of 25 interrogatories, Wurth may not pick and choose which to answer and must refrain from answering any. To preserve an objection based on the 25 interrogatory limit, the responding party must refrain from selectively answering some or all of the served interrogatories. *E.g.*, *Lewis v. Donley*, 2009 WL 2176123, at *3 (D. Alaska July 22, 2009) ("A party who selectively responds to some interrogatories may be found to have waived its objection to the number of interrogatories."); *Nix v. Holbrook*, 2015 WL 733778, at *4 (D.S.C. Feb. 20, 2015); *Allahverdi v. Regents of Univ. of New Mexico*, 228 F.R.D. 696, 698 (D.N.M. 2005) ("When a party believes that another party has asked too many interrogatories, the party to which the discovery has be propounded should object to all interrogatories or file a motion for protective order. The responding party should not answer some interrogatories and object to the ones to which it does not want to respond. By answering some and not answering others, the Defendants waived this objection."); Wright & Miller, *Fed. Pract. & Proc.* §

- 30 -

EXHIBIT 4, Page 67

2168.1 (3d ed.) ("It has been held that, if a party believes that the numerical limitation has been exceeded, it waives the objection if it selectively answers some of the interrogatories and objects on this ground to the rest. This seems a sensible rule, for otherwise the responding party could 'pick and choose' the questions it wanted to answer."). Based on this objection, Wurth cannot answer this interrogatory.

Objections Based on Bay Hardware's Definition of Junk Fax. This interrogatory is vague, ambiguous and overbroad because of Bay Hardware's definition of "junk fax." First, the definition of junk fax is vague because it seeks documents "similar to the Craftwood Faxes," without identifying the respect(s) in which the requested documents should be similar. Second, the definition is vague and ambiguous in seeking information from "any Wurth Louis [and] Company brand" because there is no other "Wurth Louis [and] Company brand" besides the named defendant. Finally, the definition is overbroad in that it seeks documents that "discuss" or "describe" "products or services" "offered by Wurth." This aspect of the definition makes it overbroad because it would include faxes, such as invoices, orders, customer questions, Wurth's questions to suppliers, advertising by suppliers to Wurth, etc.—none of which are relevant to the subject matter of this lawsuit. Fourth, the term is overbroad in that seeks information and documents related to promotional faxes other than those sent to Bay Hardware. These faxes are not relevant to Bay Hardware's individual or class claims.

Further the term "junk fax" is unnecessarily pejorative and objectionable. Wurth has never sent a "junk" fax. Wurth therefore objects to these interrogatories or their answers ever being shown to a jury under Rule 403 of the Federal Rules of Evidence because the phrase "junk fax" has no probative value and is highly prejudicial to Wurth.

Dated: October 26, 2017                    Respectfully submitted,

WURTH'S RESPONSES TO CRAFTWOOD'S FIRST SET OF INTERROGATORIES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SIDLEY AUSTIN LLP

/s/ Livia M. Kiser
Livia M. Kiser

Attorney for Defendant & Counter-
Plaintiff Wurth Louis and Company

WURTH'S RESPONSES TO CRAFTWOOD'S FIRST SET OF INTERROGATORIES

EXHIBIT 4, Page 69

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Certificate of Service**

On October 26, 2017, I caused this document to be served on all ECF-registered counsel of record via US Mail.

/s/ Livia M. Kiser

WURTH'S RESPONSES TO CRAFTWOOD'S FIRST SET OF INTERROGATORIES

EXHIBIT 4, Page 70