**EXHIBIT 5**

Livia M. Kiser
lkiser@sidley.com
Tom Kayes
tkayes@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Tel: (312) 853-7000
Fax: (312) 853-7036

Michael L. Mallow
mmallow@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
Tel: (213) 896-6666
Fax: (213) 896-6600

Attorneys for Defendant/Counter-Plaintiff
WURTH LOUIS AND COMPANY

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| CRAFTWOOD II, INC., | No. 8:17-cv-00606 (DOC) (KES) |
| Plaintiff, | |
| v. | **Wurth Louis and Company's Responses to Plaintiff Craftwood II, Inc.'s First Set of Requests for Production of Documents and Electronically Stored Information** |
| WURTH LOUIS AND COMPANY, et al. | |
| Defendant. | |
| WURTH LOUIS AND COMPANY, et al., | |
| Counter-Plaintiff, | |
| v. | |
| CRAFTWOOD II, INC. | |
| Counter-Defendant | |

## RESPONSE TO PLAINTIFF'S FIRST REQUEST
## FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Wurth Louis and Company ("WLC"), through its counsel, responds as follows to Plaintiff's First Request for Production of Documents and Electronically Stored Information (the "Requests").

## GENERAL OBJECTIONS

The following General Objections apply to the Requests, including the Definitions and Instructions in the Requests, and shall have the same effect as if set forth in full in response to each of the Requests.

1.      WLC objects to the "Definitions" in the Requests and the Requests as a whole as seeking to impose requirements or obligations on WLC that are inconsistent with or broader than those imposed by Rules 26 and 34 of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Central District of California (the "Local Rules"), or any other applicable law or rules.  WLC will construe the Definitions and Instructions in accordance with the requirements of the Federal Rules of Civil Procedure, the Local Rules, and any other applicable rules or laws.

2.      WLC objects to the "Definitions" in the Requests to the extent they propose definitions of terms that are inflammatory and prejudicial.

3.      WLC objects to the Requests to the extent that the documents sought are unreasonably cumulative or duplicative, and to the extent that the Requests impose an undue burden or expense in violation of Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure.

4.      WLC objects to the Requests to the extent that they seek information protected from disclosure by the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege or doctrine, the confidential supervisory information privilege, or any other applicable privilege,

immunity, or protection against discovery.  Any document subject to privilege or protection, if inadvertently produced, shall be returned to WLC in accordance with the Agreed Confidentiality Order to be entered by the Court.  WLC has not waived any applicable privilege or other doctrine against disclosure and states that it does not intend to do so through the production or inadvertent production of any documents in response to the Requests.  WLC reserves its right to object to the use of any document inadvertently disclosed.

5.      WLC objects to the Requests to the extent that they seek the production of confidential documents or information (including from or about third parties) that WLC is prohibited from disclosing under applicable federal and state laws.

6.      WLC objects to the Requests to the extent they seek the production of documents that contain confidential or proprietary information of WLC.  WLC will produce such documents, subject to any other applicable general or specific objections, subject to the Agreed Confidentiality Order entered by the Court.

7.       WLC objects to the Requests to the extent that they seek information that is irrelevant to the claims or defenses at issue in the litigation.  In responding to the Requests, WLC does not concede the relevance or materiality of any document or information requested or provided.

8.      WLC objects to the Requests as being overbroad as they place no limitation on relevant time frame despite the subject matter of this litigation occurring from and after April 4, 2013, Plaintiff's relevant time period.

9.      WLC objects to the Requests as not proportional to the needs of the case considering (1) the marginal importance of the materials to the claims and defenses in this litigation and (2) the substantial cost to identify responsive materials balanced against the amount in controversy.

10.      WLC objects to the Requests to the extent that they are vague, ambiguous, or fail to describe the requested documents with reasonable

particularity.

11.    WLC objects to the Requests to the extent that they incorporate any of the definitions and abbreviations in Plaintiff's operative complaint on the grounds that those definitions and abbreviations are vague and ambiguous.

12.    WLC further objects to the Requests as seeking documents and information in the public domain and/or readily available from publicly-available sources.

13.    When WLC agrees to produce non-privileged documents in response to any of the Requests, WLC does not concede that the Requests seek information that is or could be admissible.  Rather, WLC expressly reserves all further objections as to the admissibility of the information provided, as well as the right to object to further discovery relating to the subject matter of any information provided.

14.    WLC's responses are based on its current knowledge.  Further investigation may reveal additional facts or information that could lead to additions to, changes in, or variations from the responses herein.  Without in any way obligating itself to do so, WLC expressly reserves the right to supplement, amend, correct, clarify, or modify the responses as further information becomes available to WLC.  WLC also reserves the right to use or rely on, at any time, subsequently discovered information or information omitted from these objections and responses as a result of mistake, error, oversight, or inadvertence.

## **SPECIFIC OBJECTIONS AND RESPONSES**

**Request for Production No. 1.1:**

All DOCUMENTS that describe, discuss, record or comprise the purchase, rental or other acquisition of telephone numbers to which you sent or attempted to send JUNK FAXES.

**Response to Request for Production No. 1.1:**

WLC incorporates its General Objections as though fully set forth herein.

WLC further objects as follows:

Objections Based on Bay Hardware's Definition of Junk Fax. This Request is vague, ambiguous and overbroad, including because of Bay Hardware's definition of "junk fax." *First*, the definition of junk fax is vague because it seeks documents "similar to the Craftwood Faxes," without identifying the respect in which the requested documents should be similar. *Second,* the definition is vague and overbroad in seeking documents related to "any Wurth Louis [and] Company brand" because only WLC is a defendant here, and there is no other company besides WLC that has the WLC "brand." *Third*, the definition is overbroad in that it seeks documents that "discuss" or "describe" "products or services" "offered by" WLC. This aspect of the definition makes it grossly overbroad because it would include faxes, such as invoices, orders, customer questions, WLC's questions to suppliers, advertising by suppliers to WLC, etc.—none of which are relevant to the subject matter of this lawsuit but would be extremely burdensome to produce. *Fourth*, the term is overbroad in that it seeks information and documents related to faxes other than those sent to Bay Hardware. These faxes are not relevant to Bay Hardware's individual or class claims. They and documents related to them will not be produced.

Further WLC objects to the term "junk fax" as being unnecessarily pejorative. WLC has never sent a "junk" fax. WLC therefore objects to these Requests or responses thereto ever being shown to a jury under Rule 404 of the Federal Rules of Evidence because the phrase "junk fax" has no probative value and is highly prejudicial to WLC.

Time Limitation Objection. WLC objects that this Request is unduly burdensome and overbroad in that it lacks any time limitation. For purposes of the response, WLC construes these Requests to apply to documents and information created from and after April 4, 2013.

Other Objections. This Request is overbroad and unduly burdensome, and assumes facts not in evidence and facts that are not correct. WLC does not purchase

or rent lists of fax numbers. Rather, WLC obtains fax numbers from customers, who voluntarily provide them to WLC (like Bay Hardware did). This Request seeks from WLC every single document submitted to WLC on which a customer has written its fax number, among countless other documents. Collecting, redacting confidential customer information, including financial information, and processing this enormous amount of material, much of it stored in paper files, would be unnecessarily burdensome in light of the near-zero relevance these documents would have to this litigation. Accordingly, WLC will not produce such documents.

Documents WLC Will Produce. Subject to and without waiving the foregoing objections, and as permitted by Rule 34(b)(2)(B), WLC will produce, at a reasonable time beginning not later than December 4, 2017, documents on which Bay Hardware and Lunada Bay Hardware provided to WLC their fax numbers, and documents sufficient to show how WLC obtains fax numbers from other customer who are fax recipients. Such documents are representative of how WLC obtains fax numbers from its customers. To the extent any such documents are confidential, WLC will produce such documents after an Agreed Confidentiality Order has been entered by the Court (or the parties have agreed to be bound by one that is pending for entry). By way of further response, to the extent this Request seeks information concerning the acquisition, purchase or rental of fax numbers by WLC from third parties, WLC affirmatively states no such documents exist.

**Request for Production No. 1.2:**

All DOCUMENTS that describe, discuss, record or comprise the list or lists used to send the JUNK FAXES.

**Response to Request for Production No. 1.2:**

WLC incorporates its General Objections as though fully set forth herein. WLC further objects as follows:

Objections Based on Bay Hardware's Definition of Junk Fax. This Request is vague, ambiguous and overbroad, including because of Bay Hardware's definition

of "junk fax." *First*, the definition of junk fax is vague because it seeks documents "similar to the Craftwood Faxes," without identifying the respect in which the requested documents should be similar. *Second,* the definition is vague and overbroad in seeking documents related to "any Wurth Louis [and] Company brand" because only WLC is a defendant here, and there is no other company besides WLC that has the WLC "brand." *Third*, the definition is overbroad in that it seeks documents that "discuss" or "describe" "products or services" "offered by" WLC. This aspect of the definition makes it grossly overbroad because it would include faxes, such as invoices, orders, customer questions, WLC's questions to suppliers, advertising by suppliers to WLC, etc.—none of which are relevant to the subject matter of this lawsuit but would be extremely burdensome to produce. *Fourth*, the term is overbroad in that it seeks information and documents related to faxes other than those sent to Bay Hardware. These faxes are not relevant to Bay Hardware's individual or class claims. They and documents related to them will not be produced.

Further WLC objects to the term "junk fax" as being unnecessarily pejorative. WLC has never sent a "junk" fax. WLC therefore objects to these Requests or responses thereto ever being shown to a jury under Rule 404 of the Federal Rules of Evidence because the phrase "junk fax" has no probative value and is highly prejudicial to WLC.

<u>Time Limitation Objection</u>. WLC objects that this Request is unduly burdensome and overbroad in that it lacks any time limitation. For purposes of the response, WLC construes these Requests to apply to documents and information created from and after April 4, 2013.

<u>Documents WLC Will Produce</u>: Subject to and without waiving the foregoing objections, and as permitted by Rule 34(b)(2)(B), to the extent such documents exist, WLC will produce, at a reasonable time beginning not later than December 4, 2017, non-privileged, responsive documents. WLC will redact to exclude customer identifying and financial information from such documents (if any). WLC will

conduct a reasonable search for responsive emails and other electronically stored information, to be produced beginning not later than December 18, 2017. To the extent any such documents are confidential, WLC will produce such documents after an Agreed Confidentiality Order has been entered by the Court (or the parties have agreed to be bound by one that is pending for entry). By way of further response, to the extent this Request seeks information concerning the acquisition, purchase or rental of fax numbers by WLC from third parties, WLC affirmatively states no such documents exist.

**Request for Production No. 1.3:**

All DOCUMENTS that describe, discuss, record, or explain how the lists or lists used to send the JUNK FAXES were created.

**Response to Request for Production No. 1.3:**

WLC incorporates its response to Request 1.2 as and for its response to Request No. 1.3.

**Request for Production No. 1.4:**

All hard drives, servers or electronic media upon which any list or lists used to send the JUNK FAXES are currently stored.

**Response to Request for Production No. 1.4:**

WLC incorporates its General Objections as though fully set forth herein. WLC further objects as follows:

Objections Based on Bay Hardware's Definition of Junk Fax. This Request is vague, ambiguous and overbroad, including because of Bay Hardware's definition of "junk fax." *First*, the definition of junk fax is vague because it seeks documents "similar to the Craftwood Faxes," without identifying the respect in which the requested documents should be similar. *Second,* the definition is vague and overbroad in seeking documents related to "any Wurth Louis [and] Company brand" because only WLC is a defendant here, and there is no other company besides WLC that has the WLC "brand." *Third*, the definition is overbroad in that it seeks

documents that "discuss" or "describe" "products or services" "offered by" WLC. This aspect of the definition makes it grossly overbroad because it would include faxes, such as invoices, orders, customer questions, WLC's questions to suppliers, advertising by suppliers to WLC, etc.—none of which are relevant to the subject matter of this lawsuit but would be extremely burdensome to produce. *Fourth*, the term is overbroad in that it seeks information and documents related to faxes other than those sent to Bay Hardware. These faxes are not relevant to Bay Hardware's individual or class claims. They and documents related to them will not be produced.

Further WLC objects to the term "junk fax" as being unnecessarily pejorative. WLC has never sent a "junk" fax. WLC therefore objects to these Requests or responses thereto ever being shown to a jury under Rule 404 of the Federal Rules of Evidence because the phrase "junk fax" has no probative value and is highly prejudicial to WLC.

Time Limitation Objection. WLC objects that this Request is unduly burdensome and overbroad in that it lacks any time limitation. For purposes of the response, WLC construes this Request to apply to documents and information created from and after April 4, 2013.

Other Objections. *First*, this Request is entirely duplicative of but considerably more burdensome than Requests 1.3 and 1.4 in that the only relevant information it seeks is encompassed within those Requests. *Second*, the Request is overbroad in that the requested media no doubt contains information, including sensitive information that has nothing to do with this case. *Third*, the Request for original media is unduly burdensome and out of all proportion to the needs of this case and thus outside the scope of discovery under Rule 26(b)(1). Collecting and producing this equipment will work an enormous disruption on WLC's business and be very costly. That disruption is not justified because Bay Hardware can obtain documents without obtaining the equipment on which the documents reside. Further, many of the media sought by this Request are not reasonably accessible due to undue

burden on WLC's business and are, for that reason also, not discoverable. Fed. R. Civ. P. 26(b)(2)(A). Based on these objections, WLC will produce nothing in response to this Request.

**Request for Production No. 1.5:**

All hard drives, servers or electronic media upon which any list or lists used to send the JUNK FAXES were previously stored.

**Response to Request for Production No. 1.5:**

WLC incorporates its response to Request 1.4 as and for its response to Request 1.5.

**Request for Production No. 1.6:**

All DOCUMENTS that describe, discuss, record, or explain how WURTH obtained the fax numbers used to send the JUNK FAXES.

**Response to Request for Production No. 1.6:**

WLC incorporates its response to Request 1.2 as and for its response to Request 1.6.

**Request for Production No. 2.1:**

All JUNK FAXES.

**Response to Request for Production No. 2.1:**

WLC incorporates its General Objections as though fully set forth herein. WLC further objects as follows:

Objections Based on Bay Hardware's Definition of Junk Fax. This Request is vague, ambiguous and overbroad, including because of Bay Hardware's definition of "junk fax." *First*, the definition of junk fax is vague because it seeks documents "similar to the Craftwood Faxes," without identifying the respect in which the requested documents should be similar. *Second,* the definition is vague and overbroad in seeking documents related to "any Wurth Louis [and] Company brand" because only WLC is a defendant here, and there is no other company besides WLC that has the WLC "brand." *Third*, the definition is overbroad in that it seeks

documents that "discuss" or "describe" "products or services" "offered by" WLC. This aspect of the definition makes it grossly overbroad because it would include faxes, such as invoices, orders, customer questions, WLC's questions to suppliers, advertising by suppliers to WLC, etc.—none of which are relevant to the subject matter of this lawsuit but would be extremely burdensome to produce. *Fourth*, the term is overbroad in that it seeks information and documents related to faxes other than those sent to Bay Hardware. These faxes are not relevant to Bay Hardware's individual or class claims. They and documents related to them will not be produced.

Further WLC objects to the term "junk fax" as being unnecessarily pejorative. WLC has never sent a "junk" fax. WLC therefore objects to these Requests or responses thereto ever being shown to a jury under Rule 404 of the Federal Rules of Evidence because the phrase "junk fax" has no probative value and is highly prejudicial to WLC.

Time Limitation Objection. WLC objects that this Request is unduly burdensome and overbroad in that it lacks any time limitation. For purposes of the response, WLC construes this Request to apply to documents and information created from and after April 4, 2013.

Documents WLC Will Produce: Subject to and without waiving the foregoing objections, and as permitted by Rule 34(b)(2)(B), to the extent such documents exist, WLC will produce, at a reasonable time beginning not later than December 4, 2017, non-privileged, responsive documents. WLC will redact customer identifying and financial information from such documents (if any). WLC will conduct a reasonable search for responsive emails and other electronically stored information, to be produced beginning not later than December 18, 2017. To the extent any such documents are confidential, WLC will produce such documents after an Agreed Confidentiality Order has been entered by the Court (or the parties have agreed to be bound by one that is pending for entry).

**Request for Production No. 2.2:**

All DOCUMENTS that describe, discuss, record or constitute all communications about the sending of advertisements, promotional materials or marketing materials via facsimile transmission, including, but not limited to, the JUNK FAXES.

**Response to Request for Production No. 2.2:**

WLC incorporates its General Objections as though fully set forth herein. WLC further objects as follows:

Objections Based on Bay Hardware's Definition of Junk Fax. This Request is vague, ambiguous and overbroad, including because of Bay Hardware's definition of "junk fax." *First*, the definition of junk fax is vague because it seeks documents "similar to the Craftwood Faxes," without identifying the respect in which the requested documents should be similar. *Second,* the definition is vague and overbroad in seeking documents related to "any Wurth Louis [and] Company brand" because only WLC is a defendant here, and there is no other company besides WLC that has the WLC "brand." *Third*, the definition is overbroad in that it seeks documents that "discuss" or "describe" "products or services" "offered by" WLC. This aspect of the definition makes it grossly overbroad because it would include faxes, such as invoices, orders, customer questions, WLC's questions to suppliers, advertising by suppliers to WLC, etc.—none of which are relevant to the subject matter of this lawsuit but would be extremely burdensome to produce. *Fourth*, the term is overbroad in that it seeks information and documents related to faxes other than those sent to Bay Hardware. These faxes are not relevant to Bay Hardware's individual or class claims. They and documents related to them will not be produced.

Further WLC objects to the term "junk fax" as being unnecessarily pejorative. WLC has never sent a "junk" fax. WLC therefore objects to these Requests or responses thereto ever being shown to a jury under Rule 404 of the Federal Rules of

Evidence because the phrase "junk fax" has no probative value and is highly prejudicial to WLC.

Time Limitation Objection: WLC objects that this Request is unduly burdensome and overbroad in that it lacks any time limitation. For purposes of the response, WLC construes these Requests to apply to documents and information created from and after April 4, 2013.

Other Objections: This Request fails to "describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). Bay Hardware is, in effect, asking for all communications about fax advertising and all documents related to such communications, without any limitation as to time or the parties to the communication. The Request therefore encompasses an enormous amount of material, much of it with little or no relevance to this case. It is therefore burdensome, disproportionate to the needs of the case, and outside the scope of discovery. Fed. R. Civ. P. 26(b)(1). Further, this Request duplicates Bay Hardware's other, more specific requests for communication-related documents. *E.g.*, Requests 2.5, 3.2. It is therefore most likely unnecessary. WLC will stand on this objection and invites Bay Hardware to propose time, subject matter, and party limitations.

**Request for Production No. 2.3:**

Separately for each JUNK FAX, DOCUMENTS sufficient to identify each SENDER of the JUNK FAXES.

**Response to Request for Production No. 2.3:**

WLC incorporates its General Objections as though fully set forth herein. WLC further objects as follows:

Objections Based on Bay Hardware's Definition of Junk Fax. This Request is vague, ambiguous and overbroad, including because of Bay Hardware's definition of "junk fax." *First*, the definition of junk fax is vague because it seeks documents "similar to the Craftwood Faxes," without identifying the respect in which the

requested documents should be similar. *Second,* the definition is vague and overbroad in seeking documents related to "any Wurth Louis [and] Company brand" because only WLC is a defendant here, and there is no other company besides WLC that has the WLC "brand." *Third*, the definition is overbroad in that it seeks documents that "discuss" or "describe" "products or services" "offered by" WLC. This aspect of the definition makes it grossly overbroad because it would include faxes, such as invoices, orders, customer questions, WLC's questions to suppliers, advertising by suppliers to WLC, etc.—none of which are relevant to the subject matter of this lawsuit but would be extremely burdensome to produce. *Fourth*, the term is overbroad in that it seeks information and documents related to faxes other than those sent to Bay Hardware. These faxes are not relevant to Bay Hardware's individual or class claims. They and documents related to them will not be produced.

Further WLC objects to the term "junk fax" as being unnecessarily pejorative. WLC has never sent a "junk" fax. WLC therefore objects to these Requests or responses thereto ever being shown to a jury under Rule 404 of the Federal Rules of Evidence because the phrase "junk fax" has no probative value and is highly prejudicial to WLC.

Time Limitation Objection. WLC objects that this Request is unduly burdensome and overbroad in that it lacks any time limitation. For purposes of the response, WLC construes these Requests to apply to documents and information created from and after April 4, 2013.

Documents WLC Will Produce: Subject to and without waiving the foregoing objections, and as permitted by Rule 34(b)(2)(B), to the extent such documents exist, WLC will produce, at a reasonable time beginning not later than December 4, 2017, non-privileged, responsive documents. WLC will redact customer identifying and financial information from such documents (if any). WLC will conduct a reasonable search for responsive emails and other electronically stored information, to be produced beginning not later than December 18, 2017. To the extent any such

documents are confidential, WLC will produce such documents after an Agreed Confidentiality Order has been entered by the Court (or the parties have agreed to be bound by one that is pending for entry).

**Request for Production No. 2.4:**

All versions and drafts of any OPT-OUT NOTICE used on JUNK FAXES.

**Response to Request for Production No. 2.4:**

WLC incorporates its General Objections as though fully set forth herein. WLC further objects as follows:

Objections Based on Bay Hardware's Definition of Junk Fax. This Request is vague, ambiguous and overbroad, including because of Bay Hardware's definition of "junk fax." *First*, the definition of junk fax is vague because it seeks documents "similar to the Craftwood Faxes," without identifying the respect in which the requested documents should be similar. *Second,* the definition is vague and overbroad in seeking documents related to "any Wurth Louis [and] Company brand" because only WLC is a defendant here, and there is no other company besides WLC that has the WLC "brand." *Third*, the definition is overbroad in that it seeks documents that "discuss" or "describe" "products or services" "offered by" WLC. This aspect of the definition makes it grossly overbroad because it would include faxes, such as invoices, orders, customer questions, WLC's questions to suppliers, advertising by suppliers to WLC, etc.—none of which are relevant to the subject matter of this lawsuit but would be extremely burdensome to produce. *Fourth*, the term is overbroad in that it seeks information and documents related to faxes other than those sent to Bay Hardware. These faxes are not relevant to Bay Hardware's individual or class claims. They and documents related to them will not be produced.

Further WLC objects to the term "junk fax" as being unnecessarily pejorative. WLC has never sent a "junk" fax. WLC therefore objects to these Requests or responses thereto ever being shown to a jury under Rule 404 of the Federal Rules of Evidence because the phrase "junk fax" has no probative value and is highly

**EXHIBIT 5, Page 85**

prejudicial to WLC.

Time Limitation Objection: WLC objects that this Request is unduly burdensome and overbroad in that it lacks any time limitation. For purposes of the response, WLC construes these Requests to apply to documents and information created from and after April 4, 2013.

Documents WLC Will Produce: Subject to and without waiving the foregoing objections, and as permitted by Rule 34(b)(2)(B), to the extent such documents exist, WLC will produce, at a reasonable time beginning not later than December 4, 2017, non-privileged, responsive documents. WLC will conduct a reasonable search for responsive emails and other electronically stored information, to be produced at a reasonable time beginning not later than December 18, 2017. To the extent any such documents are confidential, WLC will produce such documents after an Agreed Confidentiality Order has been entered by the Court (or the parties have agreed to be bound by one that is pending for entry).

**Request for Production No. 2.5:**

All communications about the inclusion or potential inclusion of OPT-OUT NOTICES on JUNK FAXES.

**Response to Request for Production No. 2.5:**

WLC incorporates its General Objections as though fully set forth herein. WLC further objects as follows:

Objections Based on Bay Hardware's Definition of Junk Fax. This Request is vague, ambiguous and overbroad, including because of Bay Hardware's definition of "junk fax." *First*, the definition of junk fax is vague because it seeks documents "similar to the Craftwood Faxes," without identifying the respect in which the requested documents should be similar. *Second,* the definition is vague and overbroad in seeking documents related to "any Wurth Louis [and] Company brand" because only WLC is a defendant here, and there is no other company besides WLC

that has the WLC "brand." *Third*, the definition is overbroad in that it seeks documents that "discuss" or "describe" "products or services" "offered by" WLC. This aspect of the definition makes it grossly overbroad because it would include faxes, such as invoices, orders, customer questions, WLC's questions to suppliers, advertising by suppliers to WLC, etc.—none of which are relevant to the subject matter of this lawsuit but would be extremely burdensome to produce. *Fourth*, the term is overbroad in that it seeks information and documents related to faxes other than those sent to Bay Hardware. These faxes are not relevant to Bay Hardware's individual or class claims. They and documents related to them will not be produced.

Further WLC objects to the term "junk fax" as being unnecessarily pejorative. WLC has never sent a "junk" fax. WLC therefore objects to these Requests or responses thereto ever being shown to a jury under Rule 404 of the Federal Rules of Evidence because the phrase "junk fax" has no probative value and is highly prejudicial to WLC.

Time Period Objection: WLC objects that this Request is unduly burdensome and overbroad in that it lacks any time limitation. For purposes of the response, WLC construes these Requests to apply to documents and information created from and after April 4, 2013.

Documents WLC Will Produce: Subject to and without waiving the foregoing objections, and as permitted by Rule 34(b)(2)(B), to the extent such documents exist, WLC will produce, at a reasonable time beginning not later than December 4, 2017, non-privileged, responsive documents. WLC will redact customer identifying and financial information from such documents (if any). WLC will conduct a reasonable search for responsive emails and other electronically stored information, to be produced at a reasonable time beginning not later than December 18, 2017. To the extent any such documents are confidential, WLC will produce such documents after an Agreed Confidentiality Order has been entered by the Court (or the parties have agreed to be bound by one that is pending for entry).

**Request for Production No. 3.1:**

All contracts or agreements with any FAX BROADCASTER that concern, in whole or in part, transmission of JUNK FAXES.

**Response to Request for Production No. 3.1:**

WLC incorporates its General Objections as though fully set forth herein. WLC further objects as follows:

Objections Based on Bay Hardware's Definition of Junk Fax. This Request is vague, ambiguous and overbroad, including because of Bay Hardware's definition of "junk fax." *First*, the definition of junk fax is vague because it seeks documents "similar to the Craftwood Faxes," without identifying the respect in which the requested documents should be similar. *Second,* the definition is vague and overbroad in seeking documents related to "any Wurth Louis [and] Company brand" because only WLC is a defendant here, and there is no other company besides WLC that has the WLC "brand." *Third*, the definition is overbroad in that it seeks documents that "discuss" or "describe" "products or services" "offered by" WLC. This aspect of the definition makes it grossly overbroad because it would include faxes, such as invoices, orders, customer questions, WLC's questions to suppliers, advertising by suppliers to WLC, etc.—none of which are relevant to the subject matter of this lawsuit but would be extremely burdensome to produce. *Fourth*, the term is overbroad in that it seeks information and documents related to faxes other than those sent to Bay Hardware. These faxes are not relevant to Bay Hardware's individual or class claims. They and documents related to them will not be produced.

Further WLC objects to the term "junk fax" as being unnecessarily pejorative. WLC has never sent a "junk" fax. WLC therefore objects to these Requests or responses thereto ever being shown to a jury under Rule 404 of the Federal Rules of Evidence because the phrase "junk fax" has no probative value and is highly prejudicial to WLC.

Time Limitation Objection. WLC objects that this Request is unduly burdensome and overbroad in that it lacks any time limitation. For purposes of the response, WLC construes these Requests to apply to documents and information created from and after April 4, 2013.

Other Objections: Some or all of the agreements between WestFax, Inc. and its customers are available online and therefore as readily available to Bay Hardware as to WLC.

Documents WLC Will Produce: Subject to and without waiving the foregoing objections, and as permitted by Rule 34(b)(2)(B), to the extent such documents exist, WLC will produce, at a reasonable time beginning not later than December 4, 2017, non-privileged, responsive documents. WLC will redact to exclude financial information from such documents (if any). WLC will conduct a reasonable search for responsive emails and other electronically stored information, to be produced at a reasonable time beginning not later than December 18, 2017. To the extent any such documents are confidential, WLC will produce such documents after an Agreed Confidentiality Order has been entered by the Court (or the parties have agreed to be bound by one that is pending for entry).

**Request for Production No. 3.2:**

All communications with a FAX BROADCASTER that discuss, in whole or in part, transmission of JUNK FAXES, the TCPA, or this action.

**Response to Request for Production No. 3.2:**

WLC incorporates its General Objections as though fully set forth herein. WLC further objects as follows:

Objections Based on Bay Hardware's Definition of Junk Fax. This Request is vague, ambiguous and overbroad, including because of Bay Hardware's definition of "junk fax." *First*, the definition of junk fax is vague because it seeks documents "similar to the Craftwood Faxes," without identifying the respect in which the requested documents should be similar. *Second,* the definition is vague and

overbroad in seeking documents related to "any Wurth Louis [and] Company brand" because only WLC is a defendant here, and there is no other company besides WLC that has the WLC "brand." *Third*, the definition is overbroad in that it seeks documents that "discuss" or "describe" "products or services" "offered by" WLC. This aspect of the definition makes it grossly overbroad because it would include faxes, such as invoices, orders, customer questions, WLC's questions to suppliers, advertising by suppliers to WLC, etc.—none of which are relevant to the subject matter of this lawsuit but would be extremely burdensome to produce. *Fourth*, the term is overbroad in that it seeks information and documents related to faxes other than those sent to Bay Hardware. These faxes are not relevant to Bay Hardware's individual or class claims. They and documents related to them will not be produced.

Further WLC objects to the term "junk fax" as being unnecessarily pejorative. WLC has never sent a "junk" fax. WLC therefore objects to these Requests or responses thereto ever being shown to a jury under Rule 404 of the Federal Rules of Evidence because the phrase "junk fax" has no probative value and is highly prejudicial to WLC.

Time Limitation Objection. WLC objects that this Request is unduly burdensome and overbroad in that it lacks any time limitation. For purposes of the response, WLC construes these Requests to apply to documents and information created from and after April 4, 2013.

Documents WLC Will Produce: Subject to and without waiving the foregoing objections, and as permitted by Rule 34(b)(2)(B), to the extent such documents exist, WLC will produce, at a reasonable time beginning not later than December 4, 2017, non-privileged, responsive documents. WLC will redact customer identifying and financial information from such documents (if any). WLC will conduct a reasonable search for responsive emails and other electronically stored information, to be produced at a reasonable time beginning not later than December 18, 2017. To the extent any such documents are confidential, WLC will produce such documents after

an Agreed Confidentiality Order has been entered by the Court (or the parties have agreed to be bound by one that is pending for entry).

**Request for Production No. 3.3:**

All manuals, instructions or directions (including, without limitation, for any software, applications or web interface) used to send JUNK FAXES.

**Response to Request for Production No. 3.3:**

WLC incorporates its General Objections as though fully set forth herein. WLC further objects as follows:

Objections Based on Bay Hardware's Definition of Junk Fax. This Request is vague, ambiguous and overbroad, including because of Bay Hardware's definition of "junk fax." *First*, the definition of junk fax is vague because it seeks documents "similar to the Craftwood Faxes," without identifying the respect in which the requested documents should be similar. *Second,* the definition is vague and overbroad in seeking documents related to "any Wurth Louis [and] Company brand" because only WLC is a defendant here, and there is no other company besides WLC that has the WLC "brand." *Third*, the definition is overbroad in that it seeks documents that "discuss" or "describe" "products or services" "offered by" WLC. This aspect of the definition makes it grossly overbroad because it would include faxes, such as invoices, orders, customer questions, WLC's questions to suppliers, advertising by suppliers to WLC, etc.—none of which are relevant to the subject matter of this lawsuit but would be extremely burdensome to produce. *Fourth*, the term is overbroad in that it seeks information and documents related to faxes other than those sent to Bay Hardware. These faxes are not relevant to Bay Hardware's individual or class claims. They and documents related to them will not be produced.

Further WLC objects to the term "junk fax" as being unnecessarily pejorative. WLC has never sent a "junk" fax. WLC therefore objects to these Requests or responses thereto ever being shown to a jury under Rule 404 of the Federal Rules of Evidence because the phrase "junk fax" has no probative value and is highly

prejudicial to WLC.

Time Limitation Objection. WLC objects that this Request is unduly burdensome and overbroad in that it lacks any time limitation. For purposes of the response, WLC construes these Requests to apply to documents and information created from and after April 4, 2013.

Documents WLC Will Produce: Subject to and without waiving the foregoing objections, and as permitted by Rule 34(b)(2)(B), to the extent such documents exist, WLC will produce, at a reasonable time beginning not later than December 4, 2017, non-privileged, responsive documents. WLC will redact customer identifying and financial information from such documents (if any). WLC will conduct a reasonable search for responsive emails and other electronically stored information, to be produced at a reasonable time beginning not later than December 18, 2017. To the extent any such documents are confidential, WLC will produce such documents after an Agreed Confidentiality Order has been entered by the Court (or the parties have agreed to be bound by one that is pending for entry).

**Request for Production No. 3.4:**

Separately for each JUNK FAX, all DOCUMENTS, including electronically stored data, that record or memorialize a facsimile transmission.

**Response to Request for Production No. 3.4:**

WLC incorporates its General Objections as though fully set forth herein. WLC further objects as follows:

Objections Based on Bay Hardware's Definition of Junk Fax. This Request is vague, ambiguous and overbroad, including because of Bay Hardware's definition of "junk fax." *First*, the definition of junk fax is vague because it seeks documents "similar to the Craftwood Faxes," without identifying the respect in which the requested documents should be similar. *Second,* the definition is vague and overbroad in seeking documents related to "any Wurth Louis [and] Company brand"

because only WLC is a defendant here, and there is no other company besides WLC that has the WLC "brand." *Third*, the definition is overbroad in that it seeks documents that "discuss" or "describe" "products or services" "offered by" WLC. This aspect of the definition makes it grossly overbroad because it would include faxes, such as invoices, orders, customer questions, WLC's questions to suppliers, advertising by suppliers to WLC, etc.—none of which are relevant to the subject matter of this lawsuit but would be extremely burdensome to produce. *Fourth*, the term is overbroad in that it seeks information and documents related to faxes other than those sent to Bay Hardware. These faxes are not relevant to Bay Hardware's individual or class claims. They and documents related to them will not be produced.

Further WLC objects to the term "junk fax" as being unnecessarily pejorative. WLC has never sent a "junk" fax. WLC therefore objects to these Requests or responses thereto ever being shown to a jury under Rule 404 of the Federal Rules of Evidence because the phrase "junk fax" has no probative value and is highly prejudicial to WLC.

Time Limitation Objection. WLC objects that this Request is unduly burdensome and overbroad in that it lacks any time limitation. For purposes of the response, WLC construes these Requests to apply to documents and information created from and after April 4, 2013.

Documents WLC Will Produce: Subject to and without waiving the foregoing objections, and as permitted by Rule 34(b)(2)(B), to the extent such documents exist, WLC will produce, at a reasonable time beginning not later than December 4, 2017, non-privileged, responsive documents. WLC will redact customer identifying and financial information from such documents (if any). WLC will conduct a reasonable search for responsive emails and other electronically stored information, to be produced at a reasonable time beginning not later than December 18, 2017. To the extent any such documents are confidential, WLC will produce such documents after an Agreed Confidentiality Order has been entered by the Court (or the parties have

agreed to be bound by one that is pending for entry).

**Request for Production No. 3.5:**

Separately for each JUNK FAX, all reports or other DOCUMENTS, including electronically stored data, that discuss the results of the sending or attempted sending of the JUNK FAX.

**Response to Request for Production No. 3.5:**

WLC incorporates its response to Request 3.4 as and for its response to Request 3.5.

**Request for Production No. 3.6:**

All DOCUMENTS that describe, discuss, record or memorialize the number or approximate or estimated number of (a) attempted or intended transmissions of a JUNK FAX, (b) unsuccessful transmissions of a JUNK FAX, or (c) successful transmissions of a JUNK FAX.

**Response to Request for Production No. 3.6:**

WLC incorporates its responses to Request 1.2 and Request 3.4 as and for its response to Request 3.6.

**Request for Production No. 3.7:**

All invoices or billings from a FAX BROADCASTER for sending or attempted sending of a JUNK FAX.

**Response to Request for Production No. 3.7:**

WLC incorporates its response to Request 3.4 as and for its response to Request 3.7.

**Request for Production No. 4.1:**

The complete file relating to or pertaining to any lawsuit or administrative proceeding (other than this action) that concerns, in whole or in part, YOUR sending of JUNK FAXES, including, but not limited to, all DOCUMENTS filed in any such lawsuit or administrative proceeding, all discovery and discovery responses and deposition transcripts.

**Response to Request for Production No. 4.1:**

WLC incorporates its General Objections as though fully set forth herein. WLC further objects as follows:

Objections Based on Bay Hardware's Definition of Junk Fax. This Request is vague, ambiguous and overbroad, including because of Bay Hardware's definition of "junk fax." *First*, the definition of junk fax is vague because it seeks documents "similar to the Craftwood Faxes," without identifying the respect in which the requested documents should be similar. *Second,* the definition is vague and overbroad in seeking documents related to "any Wurth Louis [and] Company brand" because only WLC is a defendant here, and there is no other company besides WLC that has the WLC "brand." *Third*, the definition is overbroad in that it seeks documents that "discuss" or "describe" "products or services" "offered by" WLC. This aspect of the definition makes it grossly overbroad because it would include faxes, such as invoices, orders, customer questions, WLC's questions to suppliers, advertising by suppliers to WLC, etc.—none of which are relevant to the subject matter of this lawsuit but would be extremely burdensome to produce. *Fourth*, the term is overbroad in that it seeks information and documents related to faxes other than those sent to Bay Hardware. These faxes are not relevant to Bay Hardware's individual or class claims. They and documents related to them will not be produced.

Further WLC objects to the term "junk fax" as being unnecessarily pejorative. WLC has never sent a "junk" fax. WLC therefore objects to these Requests or responses thereto ever being shown to a jury under Rule 404 of the Federal Rules of Evidence because the phrase "junk fax" has no probative value and is highly prejudicial to WLC.

Time Period Objection: WLC objects that this Request is unduly burdensome and overbroad in that it lacks any time limitation. For purposes of the response, WLC construes these Requests to apply to documents and information created from and

after April 4, 2013.

Further Objections:  WLC objects to the extent this Request calls for documents protected by the attorney-client privilege (*see* Cal. Evid. Code § 952) and work product doctrine. No such documents will be produced.  Further, WLC objects that this Request seeks documents and information that are irrelevant.

Documents WLC Will Produce: Subject to and without waiving the foregoing objections, WLC has no documents responsive to Request 4.1.

**Request for Production No. 4.2:**

All DOCUMENTS that describe, discuss or constitute complaints or objections by any PERSON (including any governmental office or agency) concerning a JUNK FAX or claimed unsolicited facsimile transmissions sent by or on YOUR behalf.

**Response to Request for Production No. 4.2:**

WLC incorporates its General Objections as though fully set forth herein. WLC further objects as follows:

Objections Based on Bay Hardware's Definition of Junk Fax. This Request is vague, ambiguous and overbroad, including because of Bay Hardware's definition of "junk fax." *First*, the definition of junk fax is vague because it seeks documents "similar to the Craftwood Faxes," without identifying the respect in which the requested documents should be similar. *Second,* the definition is vague and overbroad in seeking documents related to "any Wurth Louis [and] Company brand" because only WLC is a defendant here, and there is no other company besides WLC that has the WLC "brand." *Third*, the definition is overbroad in that it seeks documents that "discuss" or "describe" "products or services" "offered by" WLC. This aspect of the definition makes it grossly overbroad because it would include faxes, such as invoices, orders, customer questions, WLC's questions to suppliers, advertising by suppliers to WLC, etc.—none of which are relevant to the subject matter of this lawsuit but would be extremely burdensome to produce. *Fourth*, the

term is overbroad in that it seeks information and documents related to faxes other than those sent to Bay Hardware. These faxes are not relevant to Bay Hardware's individual or class claims. They and documents related to them will not be produced.

Further WLC objects to the term "junk fax" as being unnecessarily pejorative. WLC has never sent a "junk" fax. WLC therefore objects to these Requests or responses thereto ever being shown to a jury under Rule 404 of the Federal Rules of Evidence because the phrase "junk fax" has no probative value and is highly prejudicial to WLC.

Time Period Objection: WLC objects that this Request is unduly burdensome and overbroad in that it lacks any time limitation. For purposes of the response, WLC construes these Requests to apply to documents and information created from and after April 4, 2013.

Further Objections:   WLC objects to the extent this Request calls for documents protected by the attorney-client privilege (*see* Cal. Evid. Code § 952) and work product doctrine. No such documents will be produced.  Further, WLC objects that this Request seeks documents and information that are irrelevant.

Documents WLC Will Produce: Subject to and without waiving the foregoing objections, and as permitted by Rule 34(b)(2)(B), to the extent such documents exist, WLC will produce, at a reasonable time beginning not later than December 4, 2017, non-privileged, responsive documents. WLC will redact customer identifying and financial information from such documents (if any). WLC will conduct a reasonable search for responsive emails and other electronically stored information, to be produced at a reasonable time beginning not later than December 18, 2017. To the extent any such documents are confidential, WLC will produce such documents after an Agreed Confidentiality Order has been entered by the Court (or the parties have agreed to be bound by one that is pending for entry).

**Request for Production No. 4.3:**

All   DOCUMENTS   that   describe,   discuss   or   constitute   any   or   all

communications regarding complaints or objections from any PERSON (including any governmental office or agency) concerning a JUNK FAX or claimed unsolicited facsimile transmissions sent by or on YOUR behalf.

**Response to Request for Production No. 4.3:**

WLC incorporates its General Objections as though fully set forth herein. WLC further objects as follows:

Objections Based on Bay Hardware's Definition of Junk Fax. This Request is vague, ambiguous and overbroad, including because of Bay Hardware's definition of "junk fax." *First*, the definition of junk fax is vague because it seeks documents "similar to the Craftwood Faxes," without identifying the respect in which the requested documents should be similar. *Second,* the definition is vague and overbroad in seeking documents related to "any Wurth Louis [and] Company brand" because only WLC is a defendant here, and there is no other company besides WLC that has the WLC "brand." *Third*, the definition is overbroad in that it seeks documents that "discuss" or "describe" "products or services" "offered by" WLC. This aspect of the definition makes it grossly overbroad because it would include faxes, such as invoices, orders, customer questions, WLC's questions to suppliers, advertising by suppliers to WLC, etc.—none of which are relevant to the subject matter of this lawsuit but would be extremely burdensome to produce. *Fourth*, the term is overbroad in that it seeks information and documents related to faxes other than those sent to Bay Hardware. These faxes are not relevant to Bay Hardware's individual or class claims. They and documents related to them will not be produced.

Further WLC objects to the term "junk fax" as being unnecessarily pejorative. WLC has never sent a "junk" fax. WLC therefore objects to these Requests or responses thereto ever being shown to a jury under Rule 404 of the Federal Rules of Evidence because the phrase "junk fax" has no probative value and is highly prejudicial to WLC.

Time Limitation Objection. WLC objects that this Request is unduly

burdensome and overbroad in that it lacks any time limitation. For purposes of the response, WLC construes these Requests to apply to documents and information created from and after April 4, 2013.

Further Objections: WLC objects to the extent this Request calls for documents protected by the attorney-client privilege (*see* Cal. Evid. Code § 952) and work product doctrine. No such documents will be produced.  Further, WLC objects that this Request seeks documents and information that are irrelevant.

Documents WLC Will Produce: Subject to and without waiving the foregoing objections, and as permitted by Rule 34(b)(2)(B), to the extent such documents exist, WLC will produce, at a reasonable time beginning not later than December 4, 2017, non-privileged, responsive documents. WLC will redact customer identifying and financial information from such documents (if any). WLC will conduct a reasonable search for responsive emails and other electronically stored information, to be produced at a reasonable time beginning not later than December 18, 2017. To the extent any such documents are confidential, WLC will produce such documents after an Agreed Confidentiality Order has been entered by the Court (or the parties have agreed to be bound by one that is pending for entry).

**Request for Production No. 5.1:**

All DOCUMENTS that discuss the TCPA or laws against unsolicited facsimile advertising that were created or received by YOU.

**Response to Request for Production No. 5.1:**

WLC incorporates its General Objections as though fully set forth herein. WLC further objects as follows:

Objections Based on Bay Hardware's Definition of Junk Fax. This Request is vague, ambiguous and overbroad, including because of Bay Hardware's definition of "junk fax." *First*, the definition of junk fax is vague because it seeks documents "similar to the Craftwood Faxes," without identifying the respect in which the requested documents should be similar. *Second,* the definition is vague and

overbroad in seeking documents related to "any Wurth Louis [and] Company brand" because only WLC is a defendant here, and there is no other company besides WLC that has the WLC "brand." *Third*, the definition is overbroad in that it seeks documents that "discuss" or "describe" "products or services" "offered by" WLC. This aspect of the definition makes it grossly overbroad because it would include faxes, such as invoices, orders, customer questions, WLC's questions to suppliers, advertising by suppliers to WLC, etc.—none of which are relevant to the subject matter of this lawsuit but would be extremely burdensome to produce. *Fourth*, the term is overbroad in that it seeks information and documents related to faxes other than those sent to Bay Hardware. These faxes are not relevant to Bay Hardware's individual or class claims. They and documents related to them will not be produced.

Further WLC objects to the term "junk fax" as being unnecessarily pejorative. WLC has never sent a "junk" fax. WLC therefore objects to these Requests or responses thereto ever being shown to a jury under Rule 404 of the Federal Rules of Evidence because the phrase "junk fax" has no probative value and is highly prejudicial to WLC.

Time Limitation Objection. WLC objects that this Request is unduly burdensome and overbroad in that it lacks any time limitation. For purposes of the response, WLC construes these Requests to apply to documents and information created from and after April 4, 2013.

Further Objections: WLC objects to the extent this Request calls for documents protected by the attorney-client privilege (*see* Cal. Evid. Code § 952) and work product doctrine. No such documents will be produced.  Further, WLC objects that this Request seeks documents and information that are irrelevant.

Documents WLC Will Produce: Subject to and without waiving the foregoing objections, and as permitted by Rule 34(b)(2)(B), to the extent such documents exist, WLC will produce, at a reasonable time beginning not later than December 4, 2017, non-privileged, responsive documents. WLC will redact customer identifying and

financial information from such documents (if any). WLC will conduct a reasonable search for responsive emails and other electronically stored information, to be produced at a reasonable time beginning not later than December 18, 2017. To the extent any such documents are confidential, WLC will produce such documents after an Agreed Confidentiality Order has been entered by the Court (or the parties have agreed to be bound by one that is pending for entry).

**Request for Production No. 5.2:**

All DOCUMENTS that describe, discuss or constitute all communications about the TCPA sent or received by YOU.

**Response to Request for Production No. 5.2:**

WLC incorporates its General Objections as though fully set forth herein. WLC further objects as follows:

Objections Based on Bay Hardware's Definition of Junk Fax. This Request is vague, ambiguous and overbroad, including because of Bay Hardware's definition of "junk fax." *First*, the definition of junk fax is vague because it seeks documents "similar to the Craftwood Faxes," without identifying the respect in which the requested documents should be similar. *Second*, the definition is vague and overbroad in seeking documents related to "any Wurth Louis [and] Company brand" because only WLC is a defendant here, and there is no other company besides WLC that has the WLC "brand." *Third*, the definition is overbroad in that it seeks documents that "discuss" or "describe" "products or services" "offered by" WLC. This aspect of the definition makes it grossly overbroad because it would include faxes, such as invoices, orders, customer questions, WLC's questions to suppliers, advertising by suppliers to WLC, etc.—none of which are relevant to the subject matter of this lawsuit but would be extremely burdensome to produce. *Fourth*, the term is overbroad in that it seeks information and documents related to faxes other than those sent to Bay Hardware. These faxes are not relevant to Bay Hardware's individual or class claims. They and documents related to them will not be produced.

Further WLC objects to the term "junk fax" as being unnecessarily pejorative. WLC has never sent a "junk" fax. WLC therefore objects to these Requests or responses thereto ever being shown to a jury under Rule 404 of the Federal Rules of Evidence because the phrase "junk fax" has no probative value and is highly prejudicial to WLC.

Time Limitation Objection. WLC objects that this Request is unduly burdensome and overbroad in that it lacks any time limitation. For purposes of the response, WLC construes these Requests to apply to documents and information created from and after April 4, 2013.

Further Objections:  WLC objects to the extent this Request calls for documents protected by the attorney-client privilege (*see* Cal. Evid. Code § 952) and work product doctrine. No such documents will be produced.  Further, WLC objects that this Request seeks documents and information that are irrelevant.

Documents WLC Will Produce: Subject to and without waiving the foregoing objections, and as permitted by Rule 34(b)(2)(B), to the extent such documents exist, WLC will produce, at a reasonable time beginning not later than December 4, 2017, non-privileged, responsive documents. WLC will redact customer identifying and financial information from such documents (if any). WLC will conduct a reasonable search for responsive emails and other electronically stored information, to be produced at a reasonable time beginning not later than December 18, 2017. To the extent any such documents are confidential, WLC will produce such documents after an Agreed Confidentiality Order has been entered by the Court (or the parties have agreed to be bound by one that is pending for entry).

**Request for Production No. 5.3:**

All DOCUMENTS that describe, discuss or constitute all communications concerning prohibitions against unsolicited faxing sent or received by YOU.

**Response to Request for Production No. 5.3:**

WLC incorporates its response to Request 5.2 as and for its response to Request 5.3.

**Request for Production No. 6.1:**

All DOCUMENTS that describe, discuss or constitute all communications concerning the this action with any insurer, indemnitor or other party that may be liable to satisfy all or part of a potential judgment in this action or to indemnify or reimburse for payments made to satisfy the judgment.

**Response to Request for Production No. 6.1:**

WLC incorporates its General Objections as though fully set forth herein. WLC further objects as follows:

Privilege Objection: WLC objects to the extent this Request calls for documents protected by the attorney-client privilege (*see* Cal. Evid. Code § 952) and work product doctrine. No such documents will be produced.

Scope Objection: This Request calls for documents wholly outside the scope of discovery under Rule 26(b)(1). Documents addressing coverage issues, should they exist at all, are so unlikely to be relevant to the issues in this litigation that they are unimportant to resolving this litigation and Bay Hardware has not shown or suggested that they contain information that cannot be obtained from some other source. Accordingly, the Request is not proportional and so outside the scope of discovery.

**Request for Production No. 6.2:**

All DOCUMENTS that describe, discuss or constitute all communications concerning this action with any third party, including, but not limited to, putative class members.

**Response to Request for Production No. 6.2:**

WLC incorporates its General Objections as though fully stated herein.

Subject to and without waiving these objections, WLC has no documents responsive to Request 6.2.

**Request for Production No. 6.3:**

All written statements, recorded statements, declarations, or affidavits of or by any PERSON concerning the issues, claims or defenses of this action and drafts thereof.

**Response to Request for Production No. 6.3:**

WLC incorporates its General Objections as though fully set forth herein. WLC further objects as follows:

Privilege Objections: WLC objects to the extent the Request seeks documents protected by the attorney-client privilege (*see* Cal. Evid. Code § 952) and the attorney work product doctrine. No such drafts will be produced.

Documents WLC Will Disclose: Subject to and without waiving the foregoing objections, WLC discloses the declarations filed in this action as of the date of this response, including Docs. 19-2, 25-1, 25-4, 25-9, 35-1, and 35-2.

**Request for Production No. 6.4:**

All DOCUMENTS that describe, discuss or constitute all communications about any written statements, recorded statements, declarations, or affidavits of or by any PERSON concerning the issues, claims or defenses of this lawsuit.

**Response to Request for Production No. 6.4:**

WLC incorporates its General Objections as though fully set forth herein. WLC further objects as follows:

Privilege Objections: WLC objects to the extent the Request seeks documents protected by the attorney-client privilege and work product doctrine. No such documents will be produced.  Subject to and without waiving the foregoing objections, WLC has no non-privileged documents responsive to Request 6.4.

**Request for Production No. 7.1:**

All DOCUMENTS that describe, discuss, or constitute obtaining PRIOR EXPRESS INVITATION OR PERMISSION from any PERSON (including PLAINTIFF) to whom the JUNK FAXES were sent or attempted to be sent.

**Response to Request for Production No. 7.1:**

WLC incorporates its General Objections as though fully set forth herein. WLC further objects as follows:

Objections Based on Bay Hardware's Definition of Junk Fax. This Request is vague, ambiguous and overbroad, including because of Bay Hardware's definition of "junk fax." *First*, the definition of junk fax is vague because it seeks documents "similar to the Craftwood Faxes," without identifying the respect in which the requested documents should be similar. *Second,* the definition is vague and overbroad in seeking documents related to "any Wurth Louis [and] Company brand" because only WLC is a defendant here, and there is no other company besides WLC that has the WLC "brand." *Third*, the definition is overbroad in that it seeks documents that "discuss" or "describe" "products or services" "offered by" WLC. This aspect of the definition makes it grossly overbroad because it would include faxes, such as invoices, orders, customer questions, WLC's questions to suppliers, advertising by suppliers to WLC, etc.—none of which are relevant to the subject matter of this lawsuit but would be extremely burdensome to produce. *Fourth*, the term is overbroad in that it seeks information and documents related to faxes other than those sent to Bay Hardware. These faxes are not relevant to Bay Hardware's individual or class claims. They and documents related to them will not be produced.

Further WLC objects to the term "junk fax" as being unnecessarily pejorative. WLC has never sent a "junk" fax. WLC therefore objects to these Requests or responses thereto ever being shown to a jury under Rule 404 of the Federal Rules of Evidence because the phrase "junk fax" has no probative value and is highly

prejudicial to WLC.

Time Limitation Objection. WLC objects that this Request is unduly burdensome and overbroad in that it lacks any time limitation. For purposes of the response, WLC construes these Requests to apply to documents and information created from and after April 4, 2013.

Documents WLC Will Produce: Subject to and without waiving the foregoing objections, and as permitted by Rule 34(b)(2)(B), to the extent such documents exist, WLC will produce, at a reasonable time beginning not later than December 4, 2017, non-privileged, responsive documents. WLC will redact customer identifying and financial information from such documents (if any). WLC will conduct a reasonable search for responsive emails and other electronically stored information, to be produced at a reasonable time beginning not later than December 18, 2017. To the extent any such documents are confidential, WLC will produce such documents after an Agreed Confidentiality Order has been entered by the Court (or the parties have agreed to be bound by one that is pending for entry).

**Request for Production No. 7.2:**

All DOCUMENTS that refer to, record or constitute all communications by which PRIOR EXPRESS INVITATION OR PERMISSION was given by any PERSON (including PLAINTIFF) to whom the JUNK FAXES were sent or attempted to be sent.

**Response to Request for Production No. 7.2:**

WLC incorporates its response to Request 7.1 as and for its response to Request 7.2.

**Request for Production No. 7.3:**

All DOCUMENTS that comprise any and all communications regarding or pertaining to the use of any PRIOR EXPRESS INVITATION OR PERMISSION as a basis for sending, or attempting to send, the JUNK FAXES.

**Response to Request for Production No. 7.3:**

WLC incorporates its General Objections as though fully set forth herein. WLC further objects as follows:

Objections Based on Bay Hardware's Definition of Junk Fax. This Request is vague, ambiguous and overbroad, including because of Bay Hardware's definition of "junk fax." *First*, the definition of junk fax is vague because it seeks documents "similar to the Craftwood Faxes," without identifying the respect in which the requested documents should be similar. *Second,* the definition is vague and overbroad in seeking documents related to "any Wurth Louis [and] Company brand" because only WLC is a defendant here, and there is no other company besides WLC that has the WLC "brand." *Third*, the definition is overbroad in that it seeks documents that "discuss" or "describe" "products or services" "offered by" WLC. This aspect of the definition makes it grossly overbroad because it would include faxes, such as invoices, orders, customer questions, WLC's questions to suppliers, advertising by suppliers to WLC, etc.—none of which are relevant to the subject matter of this lawsuit but would be extremely burdensome to produce. *Fourth*, the term is overbroad in that it seeks information and documents related to faxes other than those sent to Bay Hardware. These faxes are not relevant to Bay Hardware's individual or class claims. They and documents related to them will not be produced.

Further WLC objects to the term "junk fax" as being unnecessarily pejorative. WLC has never sent a "junk" fax. WLC therefore objects to these Requests or responses thereto ever being shown to a jury under Rule 404 of the Federal Rules of Evidence because the phrase "junk fax" has no probative value and is highly prejudicial to WLC.

Time Limitation Objection. WLC objects that this Request is unduly burdensome and overbroad in that it lacks any time limitation. For purposes of the response, WLC construes these Requests to apply to documents and information

created from and after April 4, 2013.

Documents WLC Will Produce: Subject to and without waiving the foregoing objections, and as permitted by Rule 34(b)(2)(B), to the extent such documents exist, WLC will produce, at a reasonable time beginning not later than December 4, 2017, non-privileged, responsive documents. WLC will redact customer identifying and financial information from such documents (if any). WLC will conduct a reasonable search for responsive emails and other electronically stored information, to be produced at a reasonable time beginning not later than December 18, 2017. To the extent any such documents are confidential, WLC will produce such documents after an Agreed Confidentiality Order has been entered by the Court (or the parties have agreed to be bound by one that is pending for entry).

**Request for Production No. 8.1:**

All DOCUMENTS that describe, record or constitute the creation, formation or commencement of any ESTABLISHED BUSINESS RELATIONSHIP between YOU and any PERSON (including PLAINTIFF) to whom the JUNK FAXES were sent or attempted to be sent.

**Response to Request for Production No. 8.1:**

WLC incorporates its General Objections as though fully set forth herein. WLC further objects as follows:

Objections Based on Bay Hardware's Definition of Junk Fax. This Request is vague, ambiguous and overbroad, including because of Bay Hardware's definition of "junk fax." *First*, the definition of junk fax is vague because it seeks documents "similar to the Craftwood Faxes," without identifying the respect in which the requested documents should be similar. *Second,* the definition is vague and overbroad in seeking documents related to "any Wurth Louis [and] Company brand" because only WLC is a defendant here, and there is no other company besides WLC that has the WLC "brand." *Third*, the definition is overbroad in that it seeks

documents that "discuss" or "describe" "products or services" "offered by" WLC. This aspect of the definition makes it grossly overbroad because it would include faxes, such as invoices, orders, customer questions, WLC's questions to suppliers, advertising by suppliers to WLC, etc.—none of which are relevant to the subject matter of this lawsuit but would be extremely burdensome to produce. *Fourth*, the term is overbroad in that it seeks information and documents related to faxes other than those sent to Bay Hardware. These faxes are not relevant to Bay Hardware's individual or class claims. They and documents related to them will not be produced.

Further WLC objects to the term "junk fax" as being unnecessarily pejorative. WLC has never sent a "junk" fax. WLC therefore objects to these Requests or responses thereto ever being shown to a jury under Rule 404 of the Federal Rules of Evidence because the phrase "junk fax" has no probative value and is highly prejudicial to WLC.

<u>Time Limitation Objection</u>. WLC objects that this Request is unduly burdensome and overbroad in that it lacks any time limitation. For purposes of the response, WLC construes these Requests to apply to documents and information created from and after April 4, 2013.

<u>Documents WLC Will Produce</u>: Subject to and without waiving the foregoing objections, and as permitted by Rule 34(b)(2)(B), to the extent such documents exist, WLC will produce, at a reasonable time beginning not later than December 4, 2017, non-privileged, responsive documents. WLC will redact customer identifying and financial information from such documents (if any). WLC will conduct a reasonable search for responsive emails and other electronically stored information, to be produced at a reasonable time beginning not later than December 18, 2017. To the extent any such documents are confidential, WLC will produce such documents after an Agreed Confidentiality Order has been entered by the Court (or the parties have agreed to be bound by one that is pending for entry).

**Request for Production No. 8.2:**

All DOCUMENTS that comprise any and all communications regarding or pertaining to the use of an ESTABLISHED BUSINESS RELATIONSHIP as a basis for sending, or attempting to send, the JUNK FAXES.

**Response to Request for Production No. 8.2:**

WLC incorporates its response to Request 8.1 as and for its response to Request 8.2.

**Request for Production No. 9.1:**

All DOCUMENTS that discuss or record communications between YOU and PLAINTIFF.

**Response to Request for Production No. 9.1:**

WLC incorporates its General Objections as though fully set forth herein.

<u>Further Objections</u>: WLC objects to the extent the Request seeks documents protected by the attorney-client privilege and work product doctrine. No such documents will be produced.

Subject to and without waiving the foregoing objections, and as permitted by Rule 34(b)(2)(B), WLC will produce, in a reasonable time beginning not later than December 4, 2017, responsive, non-privileged documents.

**Request for Production No. 9.2:**

All records of purchases made by PLAINTIFF.

**Response to Request for Production No. 9.2:**

WLC incorporates its response to Request 9.1 as and for its response to Request 9.2

**Request for Production No. 10.1:**

All DOCUMENTS referenced in YOUR responses to the First Set of Interrogatories propounded to YOU.

**Response to Request for Production No. 10.1:**

WLC incorporates its General Objections as though fully set forth herein. Subject to and without waiving the foregoing objections, WLC has no documents to produce in response to this request because its interrogatory responses referred to no documents not already in Bay Hardware's possession.

**Request for Production No. 10.2:**

All DOCUMENTS used or referenced in YOUR response to First Set of Requests for Admission propounded to YOU.

**Response to Request for Production No. 10.2:**

WLC incorporates its General Objections as though fully set forth herein. WLC further objects as follows:

Objection to "Used": WLC objects to the word "used" as it is vague and potentially seeks to invade the work product protection. It is vague in that it is unclear how one uses a document in a response to a request for omission and Bay Hardware does not explain. To the extent Bay Hardware uses the term to mean all documents WLC and its counsel looked at when drafting objections and responses to the requests, then it seeks information protected by the work product privilege.

Subject to and without waiving the foregoing objections, other than responsive, non-privileged documents being produced in response to other Requests, WLC has no documents responsive to this request.

Dated: November 17, 2017                    Respectfully submitted,

                                            SIDLEY AUSTIN LLP


                                            /s/ Livia M. Kiser
                                            Livia M. Kiser

                                            Attorney for Defendant Wurth Louis
                                            and Company

**Certificate of Service**

On November 17, 2017, I caused this document to be served on all ECF-registered counsel of record via US Mail.

/s/ Livia M. Kiser