**EXHIBIT 6**



4 Park Plaza, Suite 1100
Irvine, CA 92614
T 949. 851.1100
F 949. 851.1212

Leilani E. Livingston
(949) 797-1217
LLJ@paynefears.com

File No.: 4431.007

November 10, 2017

*VIA E-MAIL AND U.S. MAIL*

Livia M. Kiser
lkiser@sidley.com
Tom Kayes
tkayes@sidley.com
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603

Re:     *Craftwood II v. Wurth Louis & Company*

Dear Livia and Tom:

I work with Scott Luskin and Darryl Cordero on the above matter.  I am writing to meet and confer about Wurth Louis & Company's responses to Craftwood II's First Set of Interrogatories.

**Interrogatory 15**

Wurth objected to Interrogatory No. 15 on the ground that it contains impermissible subparts.  Craftwood agrees to withdraw this interrogatory.

**Objections Based on Interrogatory Subparts**

Wurth objected to Interrogatories 1-14 on the basis that they contained impermissible subparts.  Plaintiff disagrees with this position for a few reasons.

First, interrogatories do not have subparts by virtue alone of asking for various pieces of info for a particular set of individuals (name, address, job title, etc.).  Only questions seeking information about *separate subjects* count as several interrogatories (e.g., "Were you ever discharged from any employment for incompetency or did you ever sue a former employer for any reason?").  *See Collaboration Properties, Inc. v. Polycom, Inc.*, 224 F.R.D. 473, 475 (N.D. Cal. 2004).  Plaintiff's interrogatories do not solicit questions about separate subjects, but rather pieces of information all relating to the same subject: the junk faxes.  For example, Interrogatory 2 asks for the identity of persons who "created" promotional campaigns and who "decided to proceed" with those campaigns. This does not constitute two questions.  Activities related to the promotional campaign all concern the campaign – they are not standalone.  Defendant's decisions about creating





Livia M. Kiser
November 10, 2017
Page 2

that campaign or proceeding with that campaign are not lines of inquiry "that [are] separate and distinct from the inquiry made by the portion of the interrogatory that precedes it." *Willingham v. Ashcroft*, 226 F.R.D. 57, 59 (D.D.C. 2005).  As one district court explained:  "Probably the best test of whether subsequent questions, within a single interrogatory, are subsumed and related, is to examine whether the first question is primary and subsequent questions are secondary to the primary question."  *Kendall v. GES Exposition Services, Inc.*, 174 F.R.D. 684, 685 (D. Nev. 1997).

Second, a question about a category of communications does not contain subparts because there may have been multiple communications.  For that reason, Interrogatory 8 (and the other requesting pieces of information about the faxes) is entirely permissible.  Interrogatory 8 requests the identify of each person whom Wurth contends gave prior express permission to be sent faxes.  All the faxes represent communications from Wurth, at different times.  But "a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication."  *See Sterk Midden Nederland B.V. v. ASAP Installations, LLC*, 2010 WL 11507297, at *2 (M.D. Fla. Nov. 5, 2010).  In any event, Wurth's list of individuals who it contends gave prior express permission is not necessarily fax-determinative; this weighs against Wurth's position that each question has subparts because it incorporates multiple faxes.

Similarly, your other objections on this ground fail.  For example, an interrogatory asking Wurth to describe its process for using fax lists (Interrogatory 5) or listing persons with knowledge of PEP (Interrogatory 9, 10) is also permissible.  Again, "an interrogatory containing subparts directed at eliciting details concerning a 'common theme' should generally be considered a single question."  *Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 664 (D. Kan. 2004).

**Other Objections**

Wurth also included other objections based on burden (Interrogatory 5, 6, 11, 12), prematurity (Interrogatory 8, 9, 10, 11, 12), and vagueness (Interrogatory 13).  Plaintiff disagrees that these objections are legitimate or create any bar to discovery.  Further, Wurth's objection based on and relevance per the Federal Rules of Evidence (Interrogatory 14) is easily dismissed; the Federal Rules of Civil Procedure are clear that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable."  *See* Fed. R. Civ. P. 26(b)(1).

Wurth also included an objection to each interrogatory based on the definition of "junk fax."  Wurth argues that "junk fax" is vague because it seeks documents "similar to the Craftwood Faxes," but Wurth does not give an explanation beyond that.  Finally, Wurth's





Livia M. Kiser
November 10, 2017
Page 3

contention that "junk fax" is pejorative, prejudicial, and objectionable does not prevent it from providing complete responses to these interrogatories; it is a common term in all the relevant case law. Nonetheless, Plaintiff is prepared to discuss this objection with Wurth during a meet and confer conference.

On these bases, Plaintiff requests amended responses to Interrogatories 1-14. Pursuant to Local Rule 37-1, please let us know when you are available to have a conference regarding these issues next week. We are generally available to discuss on Wednesday, November 15 anytime, Thursday, November 16 in the afternoon, or Friday, November 17 in the morning.

Very truly yours,

Leilani E. Livingston
PAYNE & FEARS LLP

LLJ/LEL
cc:    Scott O. Luskin

2017-11-10 M&C Ltr to Wurth re ROGs 4818-3518-0884 v.1.docx

P & F

EXHIBIT 6, Page 115