**EXHIBIT 9**



4 Park Plaza, Suite 1100
Irvine, CA 92614
T 949. 851.1100
F 949. 851.1212

Leilani E. Livingston
(949) 797-1217
LLJ@paynefears.com

File No.: 4431.007

December 5, 2017

*VIA E-MAIL*

Tom Kayes
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603

Re:   *Craftwood II, et al. v. Wurth*

Dear Tom:

I am writing to meet and confer regarding Wurth's responses to Craftwood II's First Set of Requests for Production and First Set of Requests for Admission. Of course, since we have not yet received the full production there may be additional issues that we will identify later. At the moment, it appears Wurth's responses had numerous deficiencies, addressed below:

*Requests for Production*

**General Objections**

Initially, Wurth's "General Objections" are "per se inappropriate." *Flava Works, Inc. v. Gunter*, 2013 WL 5770558, at *1 (N.D. Ill. Oct. 24, 2013). In fact, general objections are so disfavored that some federal courts have held that instead of preserving an objection, they actually waive them. *White v. Beloginis*, 53 F.R.D. 480, 481 (S.D.N.Y. 1971) ("general objections [] have been universally held to be impermissible"). The amended Federal Rules require Wurth to particularize objections by stating whether anything is being withheld and on what basis. *See* Fed. R. Civ. P. 34(b)(2)(B) & (C). Wurth's boilerplate objections bar an informed discussion of each objection.

Craftwood II requests that Wurth withdraw these objections.

**"Junk Fax" Objection**

Wurth also included an objection to each Request (except the 6, 9, and 10 series) based on the definition of "junk fax." Wurth argues that "Junk Fax" is vague because it seeks documents "similar to the Craftwood Faxes," but Wurth does not give an explanation beyond that. We understand from our November 27 call regarding this same objection in Wurth's interrogatory responses that Wurth is not relying on the "junk fax"



Tom Kayes
December 5, 2017
Page 2

objection to withhold documents or prevent discovery of relevant information. Wurth, instead, understands that we do not have all the faxes at issue in our possession so we cannot currently identify them more specifically than we did.

Wurth also contends that "junk fax" is pejorative, prejudicial, and objectionable. We understand from the November 27 call that this should not prevent Wurth from providing complete responses to the document demands. Indeed, it is a common term in all the relevant case law. Craftwood II understands that Wurth has included this objection so that its discovery responses cannot be construed to be an admission that the faxes are, in fact, "junk faxes." We understand the sentiment and disagree with it, but under these circumstances, there should be no reason to argue about it. Please confirm we have the correct understanding.

That aside, Wurth also objects that the term "junk fax" is overbroad because it seeks information and documents related to faxes other than those sent to Craftwood II, and that those faxes are not relevant. To the extent Wurth is trying to limit pre-certification discovery to just Craftwood II, this is improper, and Wurth provides no support for this limitation. Craftwood II need not have received every fax that Wurth sent during the relevant class period. Rather, Wurth's fax advertising as a whole bears directly on issues like numerosity, commonality, typicality, and ascertainability. Craftwood II can represent class members receiving similar faxes even though Craftwood II did not receive that exact fax. This discovery is relevant to Wurth's pattern and practice of fax blasting and identification of the class. When discovery is plainly relevant (as it is here), Wurth—not Craftwood II—has the burden to establish facts justifying its objections. *Guzman v. Irmadan, Inc.*, 249 F.R.D. 399, 400-01 (S.D. Fla. 2008) ("[A]n objection that a discovery request is irrelevant and not reasonably calculated to lead to admissible evidence must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence."). Wurth has made no attempt to do this, and should withdraw its objection.

**Other Improper Objections**

Wurth's specific objections are inappropriate for several reasons. First, Wurth asserts a "time limitation" objection, stating that it will only produce documents "created from and after" April 4, 2013. This is improper. Numerous documents predating this date are relevant—for example, communications about and Wurth's understanding of opt-out requirements and the TCPA. Indeed, Wurth has already served certain document preceding this period, so it should withdraw this objection.

Second, Wurth asserts a confidentiality objection. Wurth also states it will produce further documents after "an Agreed Confidentiality Order" has been entered by

Tom Kayes
December 5, 2017
Page 3

the Court.  This is improper.  Wurth's response fails to establish a foundation for the confidentiality claim.  And Wurth may not simply refuse to produce responsive information.  As you know, your client has been sitting on a supposed draft protective order for two months.  Wurth cannot stall and simultaneously assert this objection to withhold documents.

Wurth also asserts a burden objection.  This objection does not relieve Wurth of its duty to respond to discovery.  To appropriately utilize such an objection, Wurth needed to identify the hours necessary to locate the documents and the related expenses.  Even in such cases, this supposed burden must be drastically outweighed by the matters at issue in the case.

Finally, Wurth included a privilege objection to Request Nos. 4.1, 4.2, 4.3, 5.1, 5.2, 6.1, 6.3, 6.4, and 9.1.  If Wurth is, in fact, withholding documents based on privilege, then it must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."  Fed. R. Civ. P. 26(b)(5)(A)(ii).  This is most often accomplished by means of a privilege log.  *Friends of Hope Valley v. Frederick Co.*, 268 F.R.D. 643, 650-51 (E.D. Cal. 2010).  If Wurth is withholding documents to any of these requests, please amend the responses to indicate the same and provide a privilege log.

### RFP Nos. 1.4, 1.5, 2.2, and 6.1.

Wurth also refused to respond to some requests.  RFP Nos. 1.4 and 1.5 requested electronic sources upon which any list or lists used to send faxes are or were stored.  It appears that Wurth is refusing to produce documents based on a burden objection.  Again, Wurth must identify the actual burdens associated with finding and producing these documents, and cannot simply state that the burden will be "enormous" and "costly."  Wurth cannot refuse to produce responsive information based on this objection.

Request No. 2.2 asked for documents constituting communications about Wurth's fax campaign.  Wurth suggested that Craftwood II "propose time, subject matter, and party limitations."  But Craftwood II does not have to shoot in the dark; Wurth is in the best position to evaluate which custodians have knowledge about responsive documents, the extent of information and documents, or really anything about the fax program at this point.  That said, if Wurth has a suggestion on a limitation, Craftwood will consider it.  Otherwise Wurth must produce responsive documents.

RFP No. 6.1 seeks documents relating to insurers, indemnitors, or other parties that may be liable in this action.  This is clearly discoverable per Rule 26(a).  Although

Tom Kayes
December 5, 2017
Page 4


Wurth presumes that this request "calls for documents wholly outside the scope of discovery," Rule 26(a)(1)(A)(iv) in fact *requires* parties to disclose any insurance agreements under which an insurance business may be liable to satisfy all or part of a possible judgment. The Committee Notes clarify that "[d]isclosure of insurance coverage will enable counsel for both sides to make the same realistic appraisal of the case, so that settlement and litigation strategy are based on knowledge and not speculation." Wurth must produce documents responsive to this request.

   *Requests for Admission*

We also received Wurth's responses to First Set of Requests for Admission. Wurth's responses had numerous deficiencies.

First, for the same reasons stated above, Wurth's "General Objections" are inappropriate. Blanket objections to an entire set of RFAs cannot be considered a "good faith" response. *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73, 78 (N.D.N.Y. 2003). If Wurth is withholding any information based on the "General Objections," it needs to inform Craftwood II. Second, Wurth's objection to the term "Junk Fax" is also improper as previously discussed.

Third, Wurth objected to numerous requests "to the extent Plaintiff is using them as a discovery device." Wurth stated that requests seeking discovery "on important issues in the case" are "outside the scope of the rule." This is not true. An RFA may request "the application of law to fact." Fed. R. Civ. P. 36(a)(1)(A); *see Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 937, n. 4 (9th Cir. 1994). The Rule clearly allows RFAs on the ultimate issue in the case. *Id.*; *see also McSparran v. Hanigan*, 225 F.Supp. 628, 635 (E.D. PA 1963).

Moreover, this objection—which Wurth asserted in response to RFA Nos. 11-20 and 32-40—is facially invalid. Under the Federal Rules, an answer must consist of either (1) and admission, (2) a denial, or (3) a statement detailing why the answering party is unable to admit or deny the matter. Fed. R. Civ. P. 36(a)(3), (4); *Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d 1242, 1245-46 (9th Cir. 1981). Wurth's answers contain none of those options. For example, RFA 11 asked Wurth to admit whether or not it had PEP to send Exhibit 1 to the Complaint to Craftwood II's fax number. Wurth responded that "Plaintiff itself does not know whether it provided WLC permission or consent to send the facsimile advertisements." In no way does the response directly answer the request, which does not ask anything about what Plaintiff may or may not know. This is an inappropriate, evasive, and incomplete response. As mentioned, Wurth has three options when responding: admit, deny, or provide a statement detailing why it can neither admit nor deny the request. Fed. R. Civ. P. 36(a)(3). This response does none of those

Tom Kayes
December 5, 2017
Page 5

things.  The rest of the RFAs identified suffer from this same deficiency.  For these, Wurth objected on improper grounds and responded in a way that was both nonresponsive and altered the call of the request.

      Wurth must amend the RFA Nos. 11-20 and 32-40 to be a true admission or denial, or it must detail why it cannot respond.

      Craftwood II requests that Wurth withdraw its improper objections identified above, produce all relevant documents, and serve supplemental responses.  To the extent Wurth is withholding documents based upon an objection, Craftwood II requests clarification of the basis.  Craftwood II also requests that Wurth fully respond to RFA Nos. 11-20 and 32-40.  Pursuant to Local Rule 37-1, please let us know when you are available to have a conference regarding these issues next week.  We are generally available to discuss on December 11 or 12.

Very truly yours,

Leilani E. Livingston
PAYNE & FEARS LLP

LLJ
cc:    Scott O. Luskin