**EXHIBIT 10**



4 Park Plaza, Suite 1100
Irvine, CA 92614
T 949. 851.1100
F 949. 851.1212

Leilani E. Livingston
(949) 797-1217
LLJ@paynefears.com

File No.: 4431.007

December 7, 2017

**VIA E-MAIL**

Tom Kayes
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
tkayes@sidley.com

Re:   *Craftwood II v. Wurth Louis Company*

Dear Tom:

    I'm writing to follow up our questions and demand for a Local Rule 37-1 conference regarding Wurth's December 4 document production, with Bates labels WLAC 1-154.

    In your December 5 email, you state that Wurth will "be redacting identifying and financial information of our customers," because they "have privacy interests [Wurth is] obligated to protect."  That is improper.

    Even assuming each person listed in the document production is a "customer," they have no privacy interest in their identities sufficient to warrant withholding them from discovery.  Courts instead have held that name and telephone number disclosures in TCPA actions do not present a serious privacy invasion.  *See, e.g., Thrasher v. CMRE Fin. Servs., Inc.*, Case No. 14-cv-1540-BEN, 2015 WL 1138469, at *3 (S.D. Cal. Mar. 13, 2015).  "[C]onsumers may reasonably expect that businesses to which they have provided their names and contact information will not disseminate that information to third parties.  However, *the disclosure of contact information during discovery in civil litigation generally does not constitute a serious invasion of that privacy interest, let alone an egregious breach of social norms*."  *McEwan v. OSP Group, L.P.*, Case No. 14-cv-2823-BEN, 2016 WL 1241530, at *4 (S.D. Cal. March 30, 2016) (emphasis added).

    And, in California, the Supreme Court has explained that the privacy right protects only an "individual's reasonable expectation of privacy against a serious invasion."  *Pioneer Electronics (USA), Inc. v. Superior Court*, 40 Cal. 4th 360, 370 (2007).  "Contact information regarding the identity of potential class members is generally discoverable, so that the lead plaintiff may learn the names of other persons who might assist in prosecuting the case."  *Id.* at 373.  "Such disclosure involves no revelation of personal or business secrets, intimate activities, or similar private



Tom Kayes
December 7, 2017
Page 2

information, and threatens no undue intrusion into one's personal life, such as mass-marketing efforts or unsolicited sales pitches." *Id*. Craftwood II's need to establish class certification via the disclosure of these "customers" and their fax numbers is essential and outweighs what minimal privacy right these entities may have, if any.

Your December 5 email also mistakenly states that Craftwood II is "not entitled to such information unless and until a class is certified." To the contrary, the identity of class members is routine in pre-certification discovery because Wurth's "customer" list is, among other things, reasonably calculated to identify the number and recipients of faxes made during the class period. *See* Fed. R. Civ. P. 26(b)(1) (information sought is discoverable if it is "relevant to any party's claim or defense"); *Thrasher*, 2015 WL 1138469, at *2. In other words, a purported "class list" is discoverable if it bears relevance to issues of class certification. *See Webb v. Healthcare Revenue Recovery Group LLC*, Case No. C. 13-00737 RS, 2014 WL 325132, at **2-3 (N.D. Cal. Jan. 29, 2014) (affirming magistrate judge's order compelling defendant to produce outbound dial list, on the ground the list was relevant to commonality). That is absolutely the case in TCPA matters, and California federal courts agree.[1]

Craftwood II requests that Wurth produce all responsive documents without redactions. We are prepared to discuss these issues next week, in addition to the other issues Craftwood II raised in its December 5, 2017 letter. If we cannot come to a resolution, we will proceed with a motion to compel.

Very truly yours,

Leilani E. Livingston
PAYNE & FEARS LLP

LLJ/LL

---

[1] *True Health Chiropractic Inc. v. McKesson Corp.*, No. 13-cv-02219-HSG, 2015 WL 1502953, at **3, 7 (N.D. Cal. Apr. 1, 2015) (finding that defendants imposed artificial limitations on its production of transmission records [the identities of the recipients and fax numbers, and the dates and times they received the transmissions], and ordering defendants to produce additional transmission records); *Stemple v. QC Holdings, Inc.*, No. 12-cv-1997-CAB, 2013 WL 10870906, at *2 (S.D. Cal. June 17, 2013) (finding dial list, which included names and phone numbers, "relevant to Plaintiff's Complaint in ascertaining potential class members and substantiating class allegations.").

Tom Kayes
December 7, 2017
Page 3

cc: C. Darryl Cordero
     Scott O. Luskin
     Liv Kiser
     Michael Mallow

4822-8986-4280.1