**EXHIBIT 12**



4 Park Plaza, Suite 1100
Irvine, CA 92614
T 949. 851.1100
F 949. 851.1212

Leilani E. Livingston
(949) 797-1217
LLJ@paynefears.com

File No.: 4431.007

December 27, 2017

***VIA ELECTRONIC MAIL ONLY***

Tom Kayes
Liv Kiser
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603

Re:      *Craftwood II v. Wurth*

Dear Tom:

        This letter follows up on our discovery conference last week regarding issues with Wurth's responses to our discovery.  I know you sent a letter regarding Craftwood II's responses already, and we will separately respond to that.

**Document Demands**

        *Redacted Information*

        We discussed the parties' positions on the need for this information.  We again directed you to our letter and cases in the Ninth Circuit ordering pre-certification discovery of class members' information and identity.  This information is relevant to numerosity, ascertainability, commonality, typicality, and superiority.  It also provides information for particular witnesses and is relevant to defenses (which Michael confirmed when discussing your potential PEP defense and our need to know the identity of those it applied to).

        You pointed to *Oppenheimer* as supposed authority for your refusal to identify the class members before class certification.  Upon review, that case doesn't stand for the proposition at all.  *Oppenheimer* dealt with identification for purposes of class notice and who would pay for such notice, not discovery necessary for class certification and other issues.  The cases we cited deal directly with the issues raised, and you have provided no authority refuting them.

        We agreed to briefly table the issue to see the documents actually produced and redacted.  Those documents *should* be produced by January 4.  It has been nine months since this case was filed, and we have received almost no documents from Wurth.  You initially agreed to produce documents in December, but only 150 pages have been transmitted.  This is unacceptable, despite Wurth's excuses of technical issues and



Tom Kayes
December 27, 2017
Page 2

otherwise.  It is even worse that we do not have any fax lists or transmission logs yet, since these are key documents and prior counsel told us that they had been collected before the originally scheduled mediation.

For clarity, we intend to move to compel to obtain unredacted documents.  We are waiting only to see whether you will relent on the issue, and also to determine the universe of documents that you decided to redact.

*Junk Fax Objection*

We explained our position that we are entitled to information and documents for faxes like those sent to Craftwood II during the class period.  These include fax blasts Craftwood II was included on and those it was not.  We are not, however, looking for every fax ever sent by Wurth.  For example, we don't want faxed invoices, which are completely different than the ads attached to the Complaint.  You agreed to take this under advisement.  Please let us know by December 29 whether you will comply.

*Customers v. Not*

We requested information about whether faxes were sent only to customers.  You stated that you can confirm the faxes were sent only to customers because, to be set up in Wurth's database, the recipient would have needed to fill out a credit form.  Please let us know if we've mistaken this explanation.

*Specific Demands*

Request 1.4 1.5:  We agreed to wait and see if the production satisfies our needs.

Request No. 2.2:  We reiterated the points in our letter and mentioned that Wurth's objections that it is duplicative were incorrect.  You requested that we should wait to see what is produced before proceeding further on this demand.  Please produce all responsive documents by January 4 so we can evaluate.

Request No. 6.1:  You agreed to supplement to identify that there are no responsive documents.

We reserve rights on all demands until we receive an actual production.

Tom Kayes
December 27, 2017
Page 3


*Privilege Log*

You stated that there were no documents or almost no documents that needed to be logged in accordance with the parties' Rule 26(f) agreement. To the extent there are documents, please log them by January 4.

*Other Objections*

We raised several issues with Wurth's objections in our December 5 letter. We did not specifically discuss them on the call, but please let us know if Wurth will withdraw them by January 4. Also, to the extent Wurth is refusing to produce documents based on any of these objections or limiting its production in any way based on the objections, please let us know so that we can have the Magistrate decide the issue.

**Requests for Admission**

We discussed the issues raised in our December 5 letter. It appears that Wurth intends to stand on its objections and responses. Please confirm by December 29, so that we can move to compel.

**Interrogatories**

You stated that the responses, which were promised December 11, have been drafted and were merely awaiting approval. Please provide responses by December 29.

**Protective Order**

You sent a draft December 13, and we provided comments on December 26. Please let us know if it can be filed. Regardless, as discussed months ago when you first mentioned a protective order, Craftwood II is willing to treat designations subject to the protective order before it is entered. There is no reason to delay production on this ground.

Thank you for your time and attention to these issues. We appreciate timely responses.

Tom Kayes
December 27, 2017
Page 4


Very truly yours,


Leilani E. Livingston
PAYNE & FEARS LLP

LLJ/LEL
cc:     Scott O. Luskin
        C. Darryl Cordero
        Michael Mallow
        Alexa K. Perez