**EXHIBIT 13**



4 Park Plaza, Suite 1100
Irvine, CA 92614
T 949. 851.1100
F 949. 851.1212

Leilani E. Livingston
(949) 797-1217
LLJ@paynefears.com

File No.: 4431.007

January 5, 2018

**VIA ELECTRONIC MAIL ONLY**

Tom Kayes
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
tkayes@sidley.com

Re:   *Craftwood II v. Wurth*

Dear Tom:

This letter follows up our December 27 correspondence regarding outstanding discovery items owed to Craftwood II.

**Requests for Production**

*ESI and Additional Documents*

This matter was filed more than 9 months ago. After the Rule 26(f) conference, Craftwood II quickly served document demands on September 28. Despite the matter pending since last March, and despite Wurth's Rule 26(a) obligations, Wurth apparently did not locate relevant documents before receiving Craftwood's demands.

Rather than timely respond, Wurth then requested an extension. Even then, Wurth did not produce all the requested documents on December 4. Instead, Wurth make a token 150-page production, and gave itself an additional extension to the end of December to produce on a "rolling basis."

That production was non-existent. We understand that you had a medical issue and there may have been a technological issue with reviewing the documents, but these issues ignore the fact that Wurth has had months to locate and analyze this information and Sidley's 4-member team. We still do not have the key documents—fax lists, faxes, transmission records—after all this time.

Even your recent assurances that production was imminent have now gone unfulfilled. Since your December 21 email, we have heard no update on the ESI or any other items requiring supplements (*i.e.*, responsive to Request for Production Nos. 1.4, 1.5, 2.2).



Tom Kayes
January 5, 2018
Page 2

We made a reasonable request before year-end to receive the documents by January 4. This too went ignored. Because of the short discovery window you requested, we now must move to compel production.

*Unredacted Documents*

It appears that Wurth has not changed its position on the improper redactions. We intend to raise this issue with the Magistrate as well. Unfortunately, Wurth has made the task harder by failing to produce documents so we can know the total universe at issue. We, however, cannot wait any longer to obtain discovery, and must move this matter forward.

*Junk Fax Objection*

We also clarified the "Junk Fax" objection on our December 19 call and in the December 27 letter. Wurth agreed to consider Craftwood II's position regarding additional faxes, and we requested a response by December 29. We will assume Wurth is not producing any documents since we have not heard anything. Craftwood II will move to compel any documents withheld on this basis.

*Other Objections*

Our initial December 5 meet-and-confer letter to Wurth indicated numerous improper objections to the RFPs. We identified issues with Wurth's "time limitation" objection, its confidentiality objection, its burden objection, and its privilege objection. Craftwood II will move to compel any documents Wurth is still withholding on these bases.

*Supplemental Responses, Privilege Log, and Protective Order*

We have not received Wurth's supplemental response to Request for Production No. 6.1. We also have not received a privilege log from Wurth, which it agreed to provide to the extent there were documents that needed to be noted pursuant to the parties' agreement.

Wurth also has not responded to Craftwood II's December 26 comments to the draft protective order. Wurth cannot stall on filing the protective order and simultaneously assert a confidentiality objection to withhold documents. And, Craftwood II is willing to treat designations subject to the protective order before it is officially entered, so there is no reason to delay production on this ground. Please advise whether the draft is acceptable so this can be filed as soon as possible.

Tom Kayes
January 5, 2018
Page 3

These are all issues we'll need to raise with the Magistrate and move to compel.

**Requests for Admission**

Wurth indicated on the December 19 call that it would stand on its objections to the RFAs. We asked for Wurth to confirm this position by December 29. Since Wurth has not responded, Craftwood II will assume that Wurth is not supplementing any responses.

**Interrogatories**

In November 27 email correspondence, Wurth promised amended interrogatory responses by December 11. Since it has now been over three weeks, we have to assume that Wurth is not providing responses, and Craftwood II will have to compel them.

**Conclusion**

Once Scott returns from his family trip, we are happy to use the informal procedures suggested by the Magistrate to resolve these issues. Assuming you agree, please let us know what dates work. Thank you for your attention to these matters.

Very truly yours,

Leilani E. Livingston
PAYNE & FEARS LLP

LLJ/LEL
cc:     Scott O. Luskin
        C. Darryl Cordero
        Liv Kiser
        Michael Mallow
        Alexa K. Perez

4833-3147-4522.1