**EXHIBIT 14**

| | |
|---|---|
| **From:** | Kiser, Liv |
| **To:** | Leilani L. Jones; Kayes, Tom |
| **Cc:** | Perez, Alexa K.; Mallow, Michael; Darryl Cordero; Scott O. Luskin |
| **Subject:** | RE: Craftwood II v. Wurth Louis Company |
| **Date:** | Tuesday, January 16, 2018 11:24:38 AM |

Dear Lani-

Thank you for your email and letter.  As you know, you sent your email yesterday on Martin Luther King holiday, which our law firm observes.

We further observe that your threats and attempts to create a record are at odds with participating in discovery in good faith.  In point of fact, we disagree with nearly all of your characterizations and statements, but are not going to take the time to respond to every jot and tittle.  Set forth below is our response to some of the main points raised in the January 5, 2018 letter:

- As we have said repeatedly, we intend to provide supplemental interrogatory responses.  The source of delay, as you know, is plaintiff having failed to comply with the rules in the first place.

- As we have said repeatedly, we intend to produce additional documents, and are working expeditiously to do so. We have collected a lot of electronic data from our client, engaged an outside vendor to process it, and are working to locate and produce relevant and responsive documents.  These efforts cannot be completed overnight or even within a week, as you surely must know.  Moreover, the parties haven't even agreed on the form of the protective order due to plaintiff's unwillingness to agree to standard language, so plaintiff can hardly be heard to complain that confidential documents and information have not yet been turned over.

- We will produce a privilege log, if necessary.  We trust and expect plaintiff will do the same.  Please confirm.

- We will have some edits to the protective order you sent over.  The considerable back and forth as a result of plaintiff's aggressive positions on what should be a simple process again has caused substantial delay.  Although you claim to be willing to treat the documents confidential and subject to the protective order, given we don't have basic agreement as to the implications of that, we are not in a position to move forward.  Expect that later today.

- We will not be amending our responses to your requests for admission for reasons we have discussed more than once.  Our objections are valid, and you remain unwilling to address our valid concerns or modify your position on any point, so we are not in a position to "amend" our responses.

- We are the ones who first proposed using the magistrate's informal discovery process, so of course we agree to using it.  We had already proposed using it for our motion to compel awhile back. The magistrate holds these conferences at 9:30 a.m. PST and asks that we submit at least three available days when we seek a conference. We are available on January 30, 31, and February 1 (I am on trial next week and so out of pocket).  We suggest handling your motion and ours jointly.

Finally, we respond to your accusation of delay. We (and many of our client's employees) have spent a great deal of time on your extremely broad (and argumentative) discovery requests, including over the holidays and despite, as you know, some serious personal health issues on our side and holiday travel schedules on both sides.  We note that despite the fact that the Rule 26(f) conference was on September 1, plaintiff waited four weeks to serve discovery. We even served our interrogatory responses early to alert you to the fact that you failed to comply with the rules. You then waited two weeks to seek a meet and confer.  In that meet and confer request, you also withdrew one of your interrogatories, conceding its impropriety. Now, you send emails and letters accusing us of delay during the holiday season while simultaneously asking us to accommodate your partner's vacation schedule.  In sum, your side has stonewalled on discovery while we are working as quickly as we can to get you information.

Please note, as we have previously said, we intend to continue to cooperate on discovery on our end even if plaintiff continues to fail to reciprocate.  We believe the court expects that of us, and we fully intend to fulfill the court's expectations as best we can.

I remain perplexed that no one on your side is willing to just pick up the phone.  A lot more can be accomplished when people talk to each other rather than at each other.  On that note, both Tom and I are in the office today.

Very best regards,
Liv

**LIV KISER**

**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, IL 60603
+1 312 853 7247
lkiser@sidley.com
www.sidley.com
**SIDLEY**

**From:** Jones, Leilani L. [mailto:LLJ@paynefears.com]
**Sent:** Monday, January 15, 2018 1:01 PM
**To:** Kayes, Tom <tkayes@sidley.com>
**Cc:** Kiser, Liv <lkiser@sidley.com>; Perez, Alexa K. <alexa.perez@sidley.com>; Mallow, Michael <mmallow@sidley.com>; Cordero, Darryl <cdc@paynefears.com>; Luskin, Scott O. <SOL@paynefears.com>
**Subject:** RE: Craftwood II v. Wurth Louis Company

Tom –

We haven't from you about the outstanding discovery issues from our 1/5 correspondence, or whether you are willing to use the Magistrate's informal resolution procedures.

Please let me know by tomorrow, or else we will move forward with a motion to compel.

Best,

Lani

**Leilani L. Jones**
Attorney



4 Park Plaza, Suite 1100, Irvine, CA 92614
Main 949.851.1100   •   Direct 949.797.1217   •   Fax 949.851.1212
www.paynefears.com   •   email: LLJ@PayneFears.com

**From:** Jackson, Janet **On Behalf Of** Jones, Leilani L.
**Sent:** Friday, January 05, 2018 3:00 PM
**To:** tkayes@sidley.com
**Cc:** lkiser@sidley.com; alexa.perez@sidley.com; mmallow@sidley.com; Cordero, Darryl; Luskin, Scott O.; Jones, Leilani L.
**Subject:** Craftwood II v. Wurth Louis Company

Please see the attached letter from Ms. Jones.

Thank you,

**Janet Jackson**
Assistant to Jeffrey K. Brown, Erik M. Andersen and Leilani L. Jones

PAYNE & FEARS LLP   •   4 Park Plaza, Suite 1100, Irvine, CA 92614
Direct 949.797.1229   •   Fax 949.851.1212
www.paynefears.com   •   email: jjackson@paynefears.com

***************************************************************************

This e-mail is sent by a law firm and may contain information that is privileged or confidential.

If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.

********************************************************************************