**EXHIBIT 15**

January 17, 2018

**Via Email Only**

Mr. C. Darryl Cordero
Mr. Scott O. Luskin
Payne & Fears LLP
1100 Glendon Avenue, Suite 1250
Los Angeles, California 90024

      Re:    <u>Craftwood II, Inc. d/b/a Bay Hardware v. Wurth Louis and Company</u>

Dear Scott and Darryl:

      We write to inform you of an urgent matter. At the time Payne & Fears filed this case *against* Wurth Louis and Company (WLC) it was *representing* WLC in another case, *Craftwood Lumber Company v. Senco Brands, Inc*., No. 14-cv-6866 (N.D. Ill). WLC only learned that it was an absent member of the certified *Senco* class when it recently received a settlement check (which it has not cashed).

      Payne & Fears and the Craftwood Entities have been filing TCPA class actions in federal courts across the United States against companies supplying to the hardware/woodworking industry for some time, and continue to file such lawsuits today. This makes it extremely likely that Payne & Fears either already is representing WLC or will again represent WLC in the future as an absent class member even while the firm is adverse to WLC in this case.

      Given the expansive discovery Craftwood entities demand from defendants (as we have experienced in this case), including with respect to proposed absent class members, we believe it likely that Payne & Fears has obtained or will obtain sensitive information or documents concerning WLC in connection with other TCPA lawsuits where WLC is an absent class member.[1]

      The California Rules of Professional Conduct provide that a lawyer "shall not … [r]epresent a client in a matter and at the same time in a separate matter accept as a client a person or entity whose interest in the first matter is adverse to the client in the first matter." Cal. R. of Prof. C. 3-310(c)(3). Under California law, WLC was your firm's client and may well be again, including during the pendency of this case. *See Walker v. Apple, Inc*, 4 Cal. App. 5th 1098 (2016) (affirming disqualification of firm under Rule 3-310(c)(3) because the firm took on a representation that was adverse to an absent member of a certified class in another case in which the firm served as class

---

[1] WLC, of course, is entitled to know whether your firm obtained sensitive information about WLC while litigating the *Senco* case. We intend to discuss this with you when we speak.

counsel). The fact that the *Senco* representation may have concluded does not bear on the disqualification analysis. *See State Farm Mut. Auto Ins. Co. v. Fed'l Ins. Co.*, 86 Cal. Rptr 2d 20, 26-27 (Ct. App. 1999). The violation does not abate just because one representation later ends. *Id.* But the conflict analysis is not likely limited to the *Senco* class action alone, because the substantial number of industry-relevant TCPA class actions filed by Payne & Fears means it may be currently representing WLC in other industry-relevant TCPA litigation as an absent class member.[2]

These circumstances necessitate "automatic disqualification" of the Payne & Fears firm from this matter. *E.g.*, *Walker*, 4 Cal. App. 5th at 1115 (citing *Flatt v. Super. Ct.*, 9 Cal. 4th 275, 284 (1994)). There used to be uncertainty about whether disqualification for this kind of conflict in a proposed class action was automatic or subject to a balancing test. *E.g.*, *Radcliffe*, 818 F.3d at 543 (recognizing absence of California case law on the issue). But *Walker v. Apple, Inc.* recently resolved the question. The California Court of Appeal decided in *Walker* that automatic disqualification applies for this kind of conflict in class actions. 4 Cal. App. 5th at 1115.

Federal courts "must follow the decision of the intermediate appellate courts of the state unless there is convincing evidence that the highest court of the state would decide differently." *In re Schwarzkopf*, 626 F.3d 1032, 1038 (9th Cir. 2010). No California decisions disagree with *Walker*. And the Ninth Circuit recognizes that "the reasoning behind the automatic disqualification rule" applies to situations where a lawyer represents two "clients whose interests are directly adverse in the same litigation." *Radcliffe*, 818 F.3d at 544 (quoting *People ex rel. Dep't of Corps. v. SpeeDee Oil Change Sys., Inc.*, 20 Cal.4th 1135, 1147 (Cal. 1999)). In other words, the Ninth Circuit appears to agree that automatic disqualification is appropriate here. *Id*. It even went so far as to say that the "position" that automatic disqualification should apply to *all* conflicts in class actions is "not implausible." *Id.* But, in any event, *Walker* controls, and precludes Payne & Fears' continued involvement in this case.

Please let us know when you are available to discuss these matters.

Very truly yours,

Liv Kiser
Partner

cc: Counsel of Record, Daniel Fears

---

[2] Because some entities (unlike WLC) purchase fax lists from various industry groups, it is quite likely that Payne & Fears will sue an entity that faxed promotional material to WLC without having a business relationship with WLC, causing WLC to be an absent class member represented by Payne & Fears.