**EXHIBIT 16**

| | |
|---|---|
| **From:** | Kayes, Tom |
| **To:** | Leilani L. Jones; Kiser, Liv |
| **Cc:** | Perez, Alexa K.; Mallow, Michael; Darryl Cordero; Scott O. Luskin |
| **Subject:** | RE: Craftwood II v. Wurth Louis Company |
| **Date:** | Friday, January 19, 2018 11:20:19 AM |

Lani-

As for your characterization of the process of discovery in this case, we disagree but do not believe further back and forth would be productive.

As for continuing with discovery, we are prepared to provide a new draft protective order, responsive documents and supplemental discovery responses to Bay Hardware's new counsel as soon as such counsel identified and Payne & Fears withdraws from the case. Of course we will not provide you with any further information concerning Wurth Louis. As our letter explains, your firm is and has been operating under a disqualifying conflict of interest because it sued Wurth Louis while, at the same time, representing Wurth Louis.

Please let us know when you have finished assessing the issues raised in our letter. In the meantime, please produce to us all information you have obtained about Wurth Louis in other cases, including without limitation the *Senco* case.

Thank you,

Tom


**TOM KAYES**
Associate

**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, IL 60603
+1 312 853 3293
tkayes@sidley.com
www.sidley.com

---

**From:** Jones, Leilani L. [mailto:LLJ@paynefears.com]
**Sent:** Thursday, January 18, 2018 5:50 PM
**To:** Kiser, Liv <lkiser@sidley.com>; Kayes, Tom <tkayes@sidley.com>
**Cc:** Perez, Alexa K. <alexa.perez@sidley.com>; Mallow, Michael <mmallow@sidley.com>; Cordero, Darryl <cdc@paynefears.com>; Luskin, Scott O. <SOL@paynefears.com>
**Subject:** RE: Craftwood II v. Wurth Louis Company

Liv,

I received your email and letter this week. I'm briefly responding to both here.

First, we take our ethical obligations on conflicts very seriously, and are reviewing the issues raised in your letter. We likely will have some questions for you about the assertions made, but I will leave that for another time.

Second, your attempt to re-write the history of the current discovery dispute is not in good faith. The fact remains that Wurth has failed to comply with its discovery obligations. This case has been pending since April 2017, and Wurth has not complied with the letter or spirit of Rule 26 to locate information related to the claims and defenses and has not provided proper responses to the written discovery.

Because we've already met and conferred several times, I will address only some key items:

- We raised issues with Wurth's (lack of) interrogatory responses as early as November 10. Tom agreed to provide a supplement on November 27. He also agreed to serve those responses by December 11. It has been five weeks since that extension, and we have not received any response. Plaintiff has nothing to do with this "delay." We will raise this issue with the Magistrate.

- Your document production is untimely. We've never suggested that production efforts occur overnight. But documents were promised throughout November and December, even taking unavoidable/personal delays into account, Wurth should have produced the key documents by now. Even after the case was filed, Wurth should have been locating key documents like faxed advertisements, fax lists, and transmission records per its obligations under Rule 26. It does not seem like you did this in the months this case has been pending, despite your predecessor's assurances that these types of items had already been collected. Your email still does not provide a date certain for production or even an additional rolling

production.  We will raise this issue with the Magistrate.

- You failed to address several key items in our December 27 letter that you previously indicated you would consider.  For example, whether you intend to maintain the your position on redactions that are improper under several cases we previously cited.  Another example was your "Junk Fax Objection", where we explained Craftwood II's entitlement to information and documents for faxes like those sent to Craftwood II during the class period.  Wurth has never clarified its position on this either.  We will raise these issues with the Magistrate.

- As for the protective order, Tom indicated he would send a draft at the end of September.  We didn't see anything until December 13.  We returned proposed edits within two weeks and haven't heard anything since.  There has not been delay on our part, and there certainly has been no "aggressive" back and forth.  As we mentioned back in September and again in December, we are willing to treat designations subject to the protective order before it is entered – with that agreement in place for months, it's unclear how Wurth has "not [been] in n a position to move forward."  And our proposed changes to the protective order were not "aggressive" as you called them.  We generally made three changes: (1) provided a definition by category of what should be considered confidential information rather than just any business record you designate, (2) added a challenge/resolution mechanism for disputed designations from the Northern District of California standard order, and (3) removed destruction language that will be extremely difficult to comply with.

- Unlike Wurth, Craftwood II complied with its discovery obligations producing documents with its Rule 26 disclosures and provided discovery responses and documents to your specific written requests after a mere two-day extension.  There has been no "stonewalling" on our part.

Finally, we are happy to continue to discuss these issues if it will bring about a resolution, but can't agree that a phone call would be more productive.  Our last hour-long phone call wasn't.  Before that call we had laid out the issues in correspondence ahead of time, but Wurth would not agree to provide additional responses, documents, or make any firm commitments whatsoever.  We followed up with several letters and provided reasonable deadlines for responses.  Instead we were met with silence.  Now, weeks later, we still have no firm commitment from you for anything other than potential dates for the Magistrate.

We will proceed on that front.  Thank you for suggesting three dates.  Unfortunately, those dates don't work, but we suggest February 5, 6, or  7.  Please let us know if that works for you, and assuming they do, we'll email the Magistrate's clerk to schedule the call and cc you.

Best regards,

Lani

**Leilani L. Jones**
Attorney



4 Park Plaza, Suite 1100, Irvine, CA 92614
Main 949.851.1100  •  Direct 949.797.1217  •  Fax 949.851.1212
www.paynefears.com  •  email: LLJ@PayneFears.com

---

**From:** Kiser, Liv [mailto:lkiser@sidley.com]
**Sent:** Tuesday, January 16, 2018 11:24 AM
**To:** Jones, Leilani L.; Kayes, Tom
**Cc:** Perez, Alexa K.; Mallow, Michael; Cordero, Darryl; Luskin, Scott O.
**Subject:** RE: Craftwood II v. Wurth Louis Company

Dear Lani-

Thank you for your email and letter.  As you know, you sent your email yesterday on Martin Luther King holiday, which our law firm observes.

We further observe that your threats and attempts to create a record are at odds with participating in discovery in good faith.  In point of fact, we disagree with nearly all of your characterizations and statements, but are not going to take the time to respond to every jot and tittle.  Set forth below is our response to some of the main points raised in the January 5, 2018 letter:

- As we have said repeatedly, we intend to provide supplemental interrogatory responses.  The source of delay, as you know, is plaintiff having failed to comply with the rules in the first place.

- As we have said repeatedly, we intend to produce additional documents, and are working expeditiously to do so. We have collected a lot of electronic data from our client, engaged an outside vendor to process it, and are working to locate and produce relevant and responsive documents. These efforts cannot be completed overnight or even within a week, as you surely must know. Moreover, the parties haven't even agreed on the form of the protective order due to plaintiff's unwillingness to agree to standard language, so plaintiff can hardly be heard to complain that confidential documents and information have not yet been turned over.

- We will produce a privilege log, if necessary. We trust and expect plaintiff will do the same. Please confirm.

- We will have some edits to the protective order you sent over. The considerable back and forth as a result of plaintiff's aggressive positions on what should be a simple process again has caused substantial delay. Although you claim to be willing to treat the documents confidential and subject to the protective order, given we don't have basic agreement as to the implications of that, we are not in a position to move forward. Expect that later today.

- We will not be amending our responses to your requests for admission for reasons we have discussed more than once. Our objections are valid, and you remain unwilling to address our valid concerns or modify your position on any point, so we are not in a position to "amend" our responses.

- We are the ones who first proposed using the magistrate's informal discovery process, so of course we agree to using it. We had already proposed using it for our motion to compel awhile back. The magistrate holds these conferences at 9:30 a.m. PST and asks that we submit at least three available days when we seek a conference. We are available on January 30, 31, and February 1 (I am on trial next week and so out of pocket). We suggest handling your motion and ours jointly.

Finally, we respond to your accusation of delay. We (and many of our client's employees) have spent a great deal of time on your extremely broad (and argumentative) discovery requests, including over the holidays and despite, as you know, some serious personal health issues on our side and holiday travel schedules on both sides. We note that despite the fact that the Rule 26(f) conference was on September 1, plaintiff waited four weeks to serve discovery. We even served our interrogatory responses early to alert you to the fact that you failed to comply with the rules. You then waited two weeks to seek a meet and confer. In that meet and confer request, you also withdrew one of your interrogatories, conceding its impropriety. Now, you send emails and letters accusing us of delay during the holiday season while simultaneously asking us to accommodate your partner's vacation schedule. In sum, your side has stonewalled on discovery while we are working as quickly as we can to get you information.

Please note, as we have previously said, we intend to continue to cooperate on discovery on our end even if plaintiff continues to fail to reciprocate. We believe the court expects that of us, and we fully intend to fulfill the court's expectations as best we can.

I remain perplexed that no one on your side is willing to just pick up the phone. A lot more can be accomplished when people talk to each other rather than at each other. On that note, both Tom and I are in the office today.

Very best regards,
Liv

**LIV KISER**

**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, IL 60603
+1 312 853 7247
lkiser@sidley.com
www.sidley.com

---

**From:** Jones, Leilani L. [mailto:LLJ@paynefears.com]
**Sent:** Monday, January 15, 2018 1:01 PM
**To:** Kayes, Tom <tkayes@sidley.com>
**Cc:** Kiser, Liv <lkiser@sidley.com>; Perez, Alexa K. <alexa.perez@sidley.com>; Mallow, Michael <mmallow@sidley.com>; Cordero, Darryl <cdc@paynefears.com>; Luskin, Scott O. <SOL@paynefears.com>
**Subject:** RE: Craftwood II v. Wurth Louis Company

Tom –

We haven't from you about the outstanding discovery issues from our 1/5 correspondence, or whether you are willing to

use the Magistrate's informal resolution procedures.

Please let me know by tomorrow, or else we will move forward with a motion to compel.

Best,

Lani

**Leilani L. Jones**
Attorney



4 Park Plaza, Suite 1100, Irvine, CA 92614
Main 949.851.1100  •  Direct 949.797.1217  •  Fax 949.851.1212
www.paynefears.com  •  email: LLJ@PayneFears.com

---

**From:** Jackson, Janet **On Behalf Of** Jones, Leilani L.
**Sent:** Friday, January 05, 2018 3:00 PM
**To:** tkayes@sidley.com
**Cc:** lkiser@sidley.com; alexa.perez@sidley.com; mmallow@sidley.com; Cordero, Darryl; Luskin, Scott O.; Jones, Leilani L.
**Subject:** Craftwood II v. Wurth Louis Company

Please see the attached letter from Ms. Jones.

Thank you,

**Janet Jackson**
Assistant to Jeffrey K. Brown, Erik M. Andersen and Leilani L. Jones



PAYNE & FEARS LLP  •  4 Park Plaza, Suite 1100, Irvine, CA 92614
Direct 949.797.1229  •  Fax 949.851.1212
www.paynefears.com  •  email: jjackson@paynefears.com

************************************************************************************

This e-mail is sent by a law firm and may contain information that is privileged or confidential.
If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.

************************************************************************************