**EXHIBIT 17**



4 Park Plaza, Suite 1100
Irvine, CA 92614
T 949. 851.1100
F 949. 851.1212

Leilani E. Livingston
(949) 797-1217
LLJ@paynefears.com

File No.: 4431.007

February 5, 2018

***VIA ELECTRONIC MAIL ONLY***

Tom Kayes
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
tkayes@sidley.com

Re:     *Craftwood II v. Wurth*

Dear Tom:

        This letter responds to Liv's January 17 correspondence.  Craftwood II disagrees that there is a disqualifying conflict.

### Wurth Has Produced No Evidence of a Conflict

        Wurth has produced no evidence that Wurth Louis and Company was a member of the class in *Craftwood Lumber Company v. Senco Brands, Inc.*, No. 14-cv-6866 (N.D. Ill)  Until Craftwood II has this evidence, specifically that Wurth Louis and Company was a subscriber of a fax telephone number identified in *Senco*, it has no reason to believe that Wurth was or is a class member.

        Even if it were, Wurth Louis and Company would have received notice of its inclusion in the class on January 13, 2017 – over a year ago.  The court will be suspicious of any delayed attempt to disqualify counsel.  Craftwood II's interest would be seriously jeopardized, as would the position of the plaintiff class, with disqualification at this stage in the litigation.  As explained by one district court, "[d]isqualification of class counsel may impose a significant hardship on plaintiffs, who will bear the burden of finding replacement counsel with the willingness, skill and knowledge of counsel;" "[t]he knowledge and experience gained by counsel during the pendency of this action is irreplaceable," and courts "must be skeptical of the impetus and purpose of [a] motion to disqualify [a firm] because it poses the very threat to the integrity of the judicial process that it purports to prevent …. because automatic disqualification would have a serious adverse effect on class actions."  *Andrews Farms v. Calcot, LTD.*, 2010 WL 4010146, *4 (E.D. Cal. 2010); *see also River West, Inc. v. Nickel*, 188 Cal. App. 3d 1297, 1308-1309 (1987).



EXHIBIT 17, Page 146

Tom Kayes
February 5, 2018
Page 2

### The Applicable Law Does Not Support Disqualification Here

Even assuming Wurth was a *Senco* class member, there are no grounds for disqualification here.  In *Flatt v. Superior Court*, 9 Cal. 4th 275, 284 (1994), the California Supreme Court prescribed a rule for "automatic disqualification" in concurrent representation cases.  However, the Ninth Circuit explicitly held that this rule does not apply in class actions.  *Radcliffe v. Hernandez*, 818 F.3d 537, 541 (9th Cir. 2016), cert. denied, 137 S. Ct. 620 (2017).  Rather, the Ninth Circuit instructed that courts should apply a "balancing of interests tests."  *Id*. at 547.  Under this analysis:

> The court must weigh the combined effects of a party's right to counsel of choice, an attorney's interest in representing a client, the financial burden on a client of replacing disqualified counsel and any tactical abuse underlying a disqualification proceeding against the fundamental principle that fair resolution of disputes within our adversary system requires vigorous representation of parties by independent counsel unencumbered by conflicts of interest.

*Id.* (citing *William H. Raley Co. v. Sup. Ct.*, 149 Cal.App.3d 1042, 1048 (1983)).

This test heavily favors no disqualification.  Craftwood II has a right to its counsel of choice, and current counsel has invested substantial time and effort in the representation of the proposed plaintiff class.  The financial burden of replacing counsel, who has obtained extensive case-specific information, would be significant.  And, at this point in the case, any motion to disqualify hints to tactical abuse since the *Senco* class received notice over a year ago.

### Numerous Courts Disfavor Disqualification in Class Actions

In line with *Radcliffe*, numerous other circuit courts have declined to apply the automatic disqualification to class actions.  In *In re "Agent Orange" Product Liability Litigation*, 800 F.2d 14, 18 (2d Cir. 1986), the Second Circuit held that "although automatic disqualification might promote the salutary ends of confidentiality and loyalty" in traditional cases, "it would have a serious adverse effect on class actions."  *Id*.  It noted that class actions are often "the only practical means" for plaintiffs with small individual claims to protect their rights, and that "often only the attorneys who have represented the class, rather than any of the class members themselves, have substantial familiarity with the prior proceedings."  *Id*. at 18-19.  This policy applies here.  Thus, "the prospect of having those most familiar [with the case] be automatically disqualified whenever class members have conflicting interests would substantially diminish the efficacy of class actions as a method of dispute resolution."  *Id*. at 19.  The Third Circuit has followed suit

Tom Kayes
February 5, 2018
Page 3

and similarly rejected automatic disqualification of class counsel.  *Lazy Oil Co. v. Witco Corp.,* 166 F.3d 581, 589 (3d Cir. 1999).  These cases aptly demonstrate that "district courts should have discretion to deal with the unique complexities and ethical concerns involved in class action lawsuits."  *Radcliffe* at 546; *see also Rodriguez v. Disner*, 688 F.3d 645, 655 (9th Cir. 2012).

Finally, the ABA Model Rules are instructive.  Many federal courts defer to these, and California courts look to them as persuasive authority.  *See Frye v. Tenderloin Hous. Clinic, Inc*., 38 Cal. 4th 23, 52, 129 P.3d 408, 426 (2006).  While Rule 1.7 prohibits simultaneous representation of clients with directly adverse interests, it is not usually applicable to class actions.  Comment 25 states: "[w]hen a lawyer represents or seeks to represent a class of plaintiffs or defendants in a class-action lawsuit, unnamed members of the class are ordinarily not considered to be clients of the lawyer."  Model Rules of Prof'l Conduct, Rule 1.7 cmt. 25.  California courts have repeatedly cited this comment with approval in various contexts, rejecting motions to disqualify based on purported conflicts with absent class members.  *See e.g.*, *Sharp v. Next Entm't*, 163 Cal. App. 4th 410 (2008); *Kullar v. Foot Locker Retail, Inc.*, 191 Cal App. 4th 1201, 1205 (2011).  Federal courts follow suit:  "the ABA has clarified that Rule 1.7 . . . permits class counsel to sue or otherwise oppose unnamed class members in unrelated litigation because unnamed members of the class ordinarily are not considered clients of class counsel."  *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 965 F. Supp. 2d 104, 115 (D.D.C. 2013) (denying motion to disqualify).

Thus, the weight of authority goes against disqualification here.

**_Walker_'s Application Is Limited**

Wurth's position relies exclusively on *Walker v. Apple, Inc.*, 4 Cal. App. 5th 1098 (2016).  Up until *Walker*, there was no California Supreme Court case, or any California appellate case, that applied *Flatt*'s automatic disqualification rule to class sections.  *See Radcliffe* at 543.

On its face, *Walker* states that under very specific circumstances absent members of a certified class are clients for conflicts purposes.  4 Cal. App. 5th 1098 (2016).  But *Walker* is an aberration, and its unique facts render this holding limited.  Making it even more distinguishable, the court's conclusion that the specific unnamed class member/witness should be considered a firm client for conflicts purposes turned on the fact that the two cases were factually related.  *Id*. at 1107.  That's not the case here.  *Walker* specifically conceded, however, that it "make[s] sense" to balance interests in most concurrent representation cases, as suggested by *Radcliffe*.  *Walker* at 1115.  *Walker*'s actual holding, therefore, is that a more flexible conflict analysis applies if the

Tom Kayes
February 5, 2018
Page 4

conflict issue is "unique to class actions." *Id.* This situation has those unique issues at stake—whether membership in a nationwide class creates an attorney-client relationship, considering the total lack of any disclosures made in confidence between class counsel and an absent class member.

Craftwood II intends to proceed with its current counsel. We expect Wurth to provide immediate responses to outstanding discovery and dates for an informal call with the Magistrate.

Very truly yours,

Leilani E. Livingston
PAYNE & FEARS LLP

LLJ/LEL
cc:     Scott O. Luskin
        C. Darryl Cordero
        Liv Kiser
        Michael Mallow
        Alexa K. Perez