**EXHIBIT 20**

1100 Glendon Avenue, Suite 1250<br>
Los Angeles, CA 90024<br>
T 310.689.1750<br>
F 310.689.1755<br>
<br>
Scott O. Luskin<br>
(310) 689-1764<br>
sol@paynefears.com

February 13, 2018

*Via E-Mail*

Liv Kaiser
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603

  Re: *Craftwood II v. Wurth Louis & Company*

Dear Liv,

  I received your letter of February 13. I'm not sure I understand why you believe you can continue to delay this case.

  As explained in our February 5 correspondence, we do not believe there is a conflict regardless of whether Wurth Louis and Company can prove that it was a class member in the Senco class action. The Ninth Circuit case law and ABA Model Rule 1.7 cmt. 25, which California has long followed, among other items support this conclusion. Indeed, your client waited almost a year before even raising this supposed conflict. Courts disfavor that sort of gamesmanship. There should be no further delay.

  We certainly disagree with the other points you raised. To the extent it even matters if Wurth is a class member, Wurth is asserting a conflict and should be able to prove it. The checks do not show anything other than that Louis and Company was sent a check. If you want to prove that Wurth was a class member, your client should be able to show that it meets the class member definition. I raised this issue with Mr. Kayes on several occasions. Yet Wurth has not provided us any evidence that it was the subscriber of relevant fax numbers during the class period. If your client was the subscriber, Wurth should have information about the fax numbers at issue on the notices that were sent last year. We were not at liberty to provide you additional information since anything produced in the Senco matter is subject to a protective order. Now that subpoenas have been served, a response will be provided. But the response still will not resolve the issue whether your client, Wurth Louis and Company, was the subscriber of the fax numbers as required by the fax definition. Regardless, as I said above, your failure to produce this information is no reason for you to continue to delay this case.

  Your inference that I was willing to delay moving forward in Colorado because of this issue is also misplaced. I believe that you have the records (or similar ones) I'm seeking from Westfax, but have so far refused to produce them. I am willing to delay requesting Westfax

**EXHIBIT 20, Page 155**

Liv Kaiser
February 13, 2018
Page 2

further respond to the subpoena because I believe that Magistrate Scott will order you to produce the records I need instead. I explained this to Mr. Kayes as we negotiated the stipulation.

You vaguely refer to "a lot of options if it truly wishes to move forward", but I'm not sure what you're discussing. You've previously agreed to the informal procedure with the Magistrate to resolve the outstanding discovery issues. If you are now reneging on that agreement, please let me know. Otherwise, please provide me dates when you can appear. I am still available February 15, 16, and 20.

Thank you for your time and attention to this matter.

Scott O. Luskin
PAYNE & FEARS LLP


SOL/lap

cc:    Tom Kayes
       Michael Mallow
       Alexa Perez
       Darryl Cordero
       Leilani Jones

4845-7401-9421.1